## WILLIAMS *v.* YOUNG.

A VENDOR's lien, after absolute conveyance, is not a specific absolute charge upon the property, but only an equitable right of the vendor to resort to it in case the purchase money is not paid.

It is a right which can only be asserted by one who has parted with his property. It is the personal privilege of the vendor, given solely for his security, and is in its nature unassignable. *Baum* v. *Grigsby* (*ante*, 172) affirmed.

APPEAL from the Ninth Judicial District.

The facts of this case are briefly as follows: In October, 1854, one Harrell sold and conveyed the premises described in the complaint to one B. B. Young, then the husband of the defendant, for the consideration of eight hundred dollars—two hundred dollars of which were paid in cash, and for the balance two promissory notes of the grantee were given, payable to the order of Harrell. These notes were immediately indorsed over to the plaintiff. On the second of July, 1857, there remained due on the notes the sum of three hundred and ninety-one dollars. On that day, the plaintiff loaned to Young the further sum of five hundred and nine dollars, and took his note for both amounts, namely: nine hundred dollars, payable in six months, with interest at two and one-half per cent. a month. Upon this note plaintiff obtained a judgment against Young in September, 1858, but never collected anything upon it. Young died in April, 1859, leaving the defendant surviving him. The present action is brought to subject the premises to sale for the payment of three hundred and ninety-one dollars of the note—the amount remaining unpaid of the purchase money, which formed a part of it, with interest; the plaintiff basing his right to this relief upon the alleged ground that he held a vendor's lien for the same upon the premises. The Court decided that the plaintiff held a

lien, and gave judgment for the sale of the premises, and the application of the proceeds to the satisfaction of the amount due of the purchase money. From this judgment the appeal is taken.

*Jas. D. Mix*, for Appellant.

*R. T. Sprague*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

This case is covered by the decision recently rendered in *Baum v. Grigsby.* The plaintiff seeks to enforce a vendor's lien upon the premises described in the complaint as assignee of a portion of the unpaid purchase money. Such lien, as we have held in the decision mentioned, is not a specific absolute charge upon the property, but only an equitable right of the vendor to resort to it in case the purchase money is not paid. It is a right which does not spring from any agreement of the parties, but is the mere creature of a Court of Equity. It rests upon the natural justice of permitting the vendor to subject the property, which he has transferred, to the payment of the debt which constitutes the consideration of the transfer, there being no distinct and independent security taken for such debt. It is an equitable right which can be asserted only by one who has thus parted with his property. It is, therefore, the personal privilege of the vendor, given solely for his security, and is in its nature unassignable. (See cases cited in *Baum* v. *Grigsby.*)

It follows, that the judgment of the District Court must be reversed, and that Court directed to dismiss the action; and it is so ordered.