[Civ. No. 16945. First Dist., Div. Two. June 28, 1956.]

MARY ROYAL MONIZ, Respondent, v. LOUIS G. MONIZ, Appellant.

Stanley Block and Henry Muller for Appellant.

C. O. Heffernan and Haley & McInerney for Respondent.

DEVINE, J. pro tem.*—The parties in this case are the same persons as those in *Moniz* v. *Moniz, ante,* p. 527 [298 P.2d 710], but their positions are reversed, the husband being appellant herein, and the wife, respondent. The earlier opinion sets forth the facts of the struggle of the parties for the custody of their children. Following the several proceedings that are related in that opinion, the husband made certain motions, described below, all of which were "denied without prejudice" by minute order, and from that order, the husband appeals.

Motion was made by the husband to allow, as an offset to the amounts due to the wife, the expenses of the husband in his successful efforts to regain custody of the children, a sum of $3,942.56.

It is our conclusion that appellant was not entitled on motion to modify, to have a setoff for his expenses, and that the court was correct in denying the motion and, by doing so without prejudice, leaving the subject open to an independent action, if appellant decides to commence such an action. If, on the one hand, he has such a cause, it should be set forth in an action, which is the ordinary proceeding for the enforcement of a right. (Code Civ. Proc., § 22.) The complaint will thus be subject to test by demurrer and the whole proceeding will be governed by all the rules of law pertaining to civil actions. If, on the other hand, appellant does not have a valid cause of action, arising from an obligation or an injury (Code Civ. Proc., § 25), he cannot elevate his claim to the status of a setoff, which would be tantamount to a judgment against the original judgment creditor, his wife. Appellant's arguments are, that the court had inherent

*Assigned by Chairman of Judicial Council.

continuing supervisory power over its decree, and may modify it by allowing the setoff as a matter of justice, and, second, that there is statutory authority for the modification under the provisions of section 138 of the Civil Code.

Appellant does not contend that the payments required by the property settlement agreement and by the interlocutory decree of divorce which adopted that agreement, were in the nature of alimony. The agreement itself states that the amounts payable were "not in payment of support and maintenance of the wife," and appellant makes no argument that the decree did not provide for instalment payments of a division of property. ■ A decree adjusting the property rights of the parties and not making an allowance by way of alimony, is not subject to modification without the consent of the parties. (*Puckett* v. *Puckett*, 21 Cal.2d 833, 840 [136 P.2d 1]; *Adams* v. *Adams*, 29 Cal.2d 621, 625 [177 P.2d 265]; *Messenger* v. *Messenger*, 46 Cal.2d 619, 626 [297 P.2d 988].) ■ The interlocutory decree established finally the property rights of the parties, and if either party later created a new cause of action in favor of the other, the remedy was by separate action. The cases cited by appellant of *Stafford* v. *Groff*, 99 Cal.App.2d 67 [221 P.2d 246], in which the court's action was based on a prior reservation of jurisdiction to make certain additional orders, of *Hercules Glue Co.* v. *Littooy*, 45 Cal.App.2d 42 [113 P.2d 490], in which a decree of specific performance was modified only as to details of executing the decree, and of *Vallelunga* v. *Gomes*, 102 Cal.App.2d 374 [227 P.2d 550], in which the court, having assumed jurisdiction over a fund, was held to have the duty of administering the fund, are clearly distinguishable from an attempt to establish, by motion to modify a setoff amounting in effect to a judgment.

■ It is contended by appellant that the decree was subject to modification under the provisions of section 138 of the Civil Code, and that the expenses, and in particular, counsel fees, incurred by him, having been incident to custody and maintenance, should have been allowed on motion to modify. It is true that counsel fees and expenses such as those of travel have been allowed in custody matters (*Bancroft* v. *Bancroft*, 178 Cal. 352, 358 [173 P. 582]), but in this case, the court, in the order by Judge Chamberlain relating to custody, which was the basic order of the earlier case, had denied reimbursement to the husband, and appellant did not appeal from that order. Appellant seeks

to avoid the effect of that order on the ground that there was no ruling on the merits, because in the written order, Judge Chamberlain stated that the matter should have been brought up in the still earlier contempt matter before Judge Fox. That ruling, appellant argues, was erroneous because he had no opportunity to appear before Judge Fox. However, if the reason given by Judge Chamberlain be regarded as part of his opinion (even though it is in that part of the document entitled "order") it would not affect his order. If it be regarded as part of the order itself, it is balanced by another part thereof which shows that the judge did rule on the merits, because he states that no showing was made of ability of the wife to reimburse her husband.

The next motion of appellant was to cancel certain abstracts of judgment which his wife caused to be recorded. It is argued by appellant, first, that when his wife recorded the abstracts, she was in contempt of court in wrongfully withholding custody of the children, and that she should not have had the assistance of the court. ■ The recording of an abstract of judgment is not a judicial action. (*Coley* v. *Hecker,* 206 Cal. 22 [272 P. 1045]; *Gudger* v. *Manton,* 21 Cal. 2d 537, 545 [134 P.2d 217]; *Sampsell* v. *Straub,* 189 F.2d 379, 381.) It is the exercise of a statutory right under section 674 of the Code of Civil Procedure which does not call for the assistance of the court, and the contempt did not affect the right to file the abstracts.

■ It is contended that the abstracts should have been cancelled because they created a lien for an amount greater than the amount of the judgment due at the time of the recording. The first of the abstracts contained a recital of the provisions for support of the children during the time the wife should have had their custody. The husband sets forth in his affidavit, and it is not denied by the wife, that the husband has paid in full all sums due under this part of the decree because when he obtained the custody, the obligation to pay this part of the award ended. However, it does not seem that there was error on the part of the trial court in declining to make an order cancelling the abstract, an order for which there does not seem to be precedent, although it is conceivably a valid procedure. A more orderly way to proceed would seem to be the one provided by statute, the recording of satisfaction of judgment under the provisions of the last paragraph of section 675 of the Code of Civil Pro-

cedure; the granting of satisfaction of judgment being the subject of compulsory action under that section.

The second abstract contained a description of amounts to be paid to the wife, the total being $2,563, of which $1,413 had accrued as of the date of recording the abstract. Appellant complains that the abstract includes an amount not due. ■ A judgment which provides for payment in instalments does not when recorded, create a lien, at least as to amounts not due, unless such lien is impressed by the terms of the judgment itself, because there would be no clear way for the debtor to relieve his property of the lien without paying the entire amount. (*Yager* v. *Yager*, 7 Cal.2d 213, 217 [60 P.2d 422, 106 A.L.R. 664] ; *Bird* v. *Murphy*, 82 Cal. App. 691, 695 [256 P.2d 258].) However, it was not necessary for the trial court to take affirmative action at the time the motion was presented to grant relief to appellant. Admittedly, the sum of $1,413 was due if the setoff were not allowed, and appellant did not, and, as he says, could not presently pay what was owing. Nor was the court obliged, as appellant urges, to determine the amount then due and the amount not yet due. If and when appellant desires to borrow on his home (the only real property he owns) in order to pay what he may then owe his wife, an action which he alleges he is prevented from doing by the abstract, no doubt the court will hear him, if, indeed, the wife requires him to seek the court's assistance for that purpose.

■ Finally, the alternate motion to grant delay in the making of payments to the wife, on the ground of the expense she had caused the husband, properly was denied. If the wife takes affirmative action, such as proceedings on contempt for nonpayment, the court may give weight to the asserted cause for delay.

The order appealed from is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied July 27, 1956, and appellant's petition for a hearing by the Supreme Court was denied August 27, 1956. Schauer, J., was of the opinion that the petition should be granted.