[Civ. No. 18172. Third Dist. Nov. 16, 1979.]

MILDRED BROWN, as Conservator, etc.,
Plaintiff and Respondent, v.
JAN M. JOHNSON et al., Defendants and Appellants.

COUNSEL

George A. Jouganaos for Defendants and Appellants.

Richard J. Ryan for Plaintiff and Respondent.

OPINION

**REYNOSO, J.**—We are presented with a single issue upon undisputed facts: whether a person who conveys real property in exchange for promissory notes without obtaining security for payment of those notes can establish a vendor's lien against subsequent purchasers of the property for value who do not have actual notice of the unpaid promissory

notes by recording a "notice of vendor's lien" with the county recorder. We hold that the recordation of a notice of vendor's lien does not provide constructive notice to bona fide purchasers for value, and thus we reverse the judgment.

Since it was stipulated that defendants did not have actual notice of plaintiff's vendor's lien we direct that judgment be entered in favor of defendants.

Defendants Jan M. Johnson, Patricia A. Johnson, Herbert F. Turner, Robert F. Buck, Betty A. Buck, and Placer Savings and Loan Association, appeal from a judgment in favor of plaintiff Mildred Brown, conservator of the person and estate of Mable Witt. (Hereinafter both Mildred Brown and Mable Witt are referred to as plaintiff.)[1] The judgment held that plaintiff is owed the sum of $22,800 from the sale of real property to Jess Brown, and that plaintiff has a lien on the property sold to Jess Brown in which the defendants now have an interest. The judgment ordered that the property be sold at public auction and the proceeds used to pay the costs of sale, the amounts due plaintiff with costs of suit, and that any excess be paid to defendants in accordance with their interests. The judgment further decreed that all defendants and persons claiming under them, and all persons having liens subsequent to plaintiff's lien and persons claiming under them, be forever barred and foreclosed from all equity of redemption and claim in, of, and to the property.

I

The facts were stipulated. On May 5, 1970, plaintiff and Ethel E. Huxley conveyed the real property in question to Jess and Alice Brown as joint tenants. The grant deed by which the property was conveyed was recorded on May 14, 1970. The Browns made no down payment and purchased the property by the execution of two promissory notes. No principal has been paid on the notes, and only minor amounts of the

---

[1]Margaret A. Turner, the wife of Herbert F. Turner, was named as a defendant in the complaint, and the judgment was entered against her as well as the appealing defendants. The notice of appeal does not include Margaret A. Turner as an appealing defendant. The same attorney represented all appealing defendants both at trial and on appeal, and the omission of Margaret A. Turner from the notice of appeal would appear to be inadvertent. Despite the omission of Margaret A. Turner from the notice of appeal, reversal of the judgment will necessarily provide her with relief from the judgment since the judgment did not impose personal liability upon her.

interest have been paid and the notes are now in default. On April 12, 1973, plaintiff caused to be recorded her notice of vendor's lien in the county recorders office. Ethel E. Huxley, cograntor, did not sign the notice, and at the time the notice was recorded neither the principal nor the interest was in default.

After plaintiff recorded the notice of vendor's lien Alice Brown died and Jess Brown became the sole legal owner of the property by right of survivorship. Jess Brown conveyed the property to the Johnsons who gave a deed of trust to Jess and Thomas Brown. The Browns assigned the deed of trust and the indebtedness it secured to the Turners. The Johnsons conveyed the property to the Bucks and to Clifford Brooks. The Bucks and Brooks gave a deed of trust on the property to the Johnsons. Brooks conveyed his interest in the property to the Bucks, and the Bucks gave a deed of trust to Placer Savings and Loan Association. It thus appeared at the time of trial that the Bucks are the record owners of the property and the Johnsons, Turners and Placer Savings and Loan Association hold deeds of trust on the property securing various indebtednesses.

All of the interests of the defendants in the property were acquired subsequent in time to the recordation of the notice of vendor's lien. It was stipulated at trial that all of the defendants acquired their interests in the property without actual notice of the claimed vendor's lien, and none of the defendants learned of the vendor's lien through a preliminary title report upon which they relied.

The trial court ruled that the recordation of the notice of vendor's lien was sufficient to give constructive notice to all purchasers and encumbrancers of the property and that the defendants were thus not bona fide purchasers for value without notice. Judgment was entered in plaintiff's favor decreeing foreclosure of the property to satisfy the vendor's lien.

## II

In view of the stipulations the sole issue is whether the recordation of the notice of vendor's lien gave constructive notice to the defendants of plaintiff's claimed interest in the property. That issue depends upon whether the instrument in question is an instrument which

some statute authorizes or permits to be recorded and which has the effect of constructive notice. ■ It is settled that an instrument which is recorded but which is not authorized to be recorded and given constructive notice effect by statute does not impart constructive notice to subsequent purchasers. (*Stearns v. Title Ins. & Trust Co.* (1971) 18 Cal.App.3d 162, 167-169 [95 Cal.Rptr. 682]; *Black v. Solano Co.* (1931) 114 Cal.App. 170, 173-174 [299 P. 843]; *Hale v. Pendergrast* (1919) 42 Cal.App. 104, 107-108 [183 P. 833].)

Miller and Starr, in their work on California real estate law, list 75 types of instruments which may be recorded. (2 Miller & Starr, Current Law of Cal. Real Estate (1977) § 11:8, pp. 18-30.) The listed instruments do not include a vendor's lien; however, it is recognized that no list of such instruments can be considered exhaustive. (*Id.,* § 11:7 at p. 17.) ■ The only provision of law which could apply in the circumstances of this case, and the one upon which plaintiff relies, relates to instruments affecting the title to or possession of real property. Government Code section 27280 provides: "Any instrument or judgment affecting the title to or possession of real property may be recorded pursuant to this chapter." Civil Code section 1214 gives effect to the recordation of such an instrument by providing that any conveyance of real property, other than a lease not exceeding one year, is void as to all subsequent purchasers or mortgagees in good faith for a valuable consideration who record their conveyance prior to the recordation of the earlier conveyance. Civil Code section 1215 provides: "The term 'conveyance'...embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or incumbered, or by which the title to any real property may be affected, except wills."

In an early case the Supreme Court considered the meaning to be given to the word "instrument" as used in the above sections, and noted that "[i]f we look into the provisions of the Code in which the word 'instrument' is used, it will be invariably found to indicate some written paper or instrument signed and delivered by one person to another, transferring the title to or creating a lien on property, or giving a right to a debt or duty." (*Hoag v. Howard* (1880) 55 Cal. 564, 565; see also *Hale v. Pendergrast, supra,* 42 Cal.App. at p. 108.) The instruments which will give constructive notice under Civil Code sections 1214 and 1215 are those instruments by which a conveyance is made. It is the instrument itself which is the operative element of the transaction.

■ Self-serving statements recorded in a chain of title are not instruments which are operative in transferring or creating a right or title and thus do not provide constructive notice to subsequent purchasers. (See *Duncan v. Ledig* (1949) 90 Cal.App.2d 7, 9-11 [202 P.2d 107]; *Rowley v. Davis* (1917) 34 Cal.App. 184, 189-191 [167 P. 162].) In *Rowley v. Davis* a grantor executed a deed which was duly recorded. At some time subsequent to the recordation of the deed the grantor recorded a statement that the deed was intended as a mortgage and not a grant of land. The Court of Appeal held that the statement was not an instrument affecting the title to the property and thus did not convey constructive notice to subsequent purchasers. (*Id.,* at p. 191.)

The trial court relied upon *Dreifus v. Marx* (1940) 40 Cal.App.2d 461 [104 P.2d 1080], in determining that the notice of vendor's lien provided constructive notice to defendants. In that case an elderly woman had been defrauded into conveying certain property. When she discovered the fraud she served on the grantee a notice of rescission on the grounds of fraud, undue influence, and want of consideration. The notice of rescission was duly recorded and thereafter the property was encumbered by the grantee. In an action between the grantor and the person holding the encumbrance it was determined that the notice of rescission provided constructive notice that the conveyance had been rescinded. (*Id.,* at pp. 465-466.) We note that in *Dreifus v. Marx, supra,* the rescission was made by giving notice to the grantee, and thus the notice of rescission was the operative element of the transaction and was therefore an instrument affecting the title to the property.

The issue we must determine here is whether the notice of vendor's lien is an instrument affecting title to or possession of property. "One who sells real property has a vendor's lien thereon, independent of possession, for so much of the purchase price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer." (Civ. Code, § 3046.) ■ "Such lien...is not a specific absolute charge upon the property, but only an equitable right of the vendor to resort to it in case the purchase money is not paid. It is a right which does not spring from any agreement of the parties, but is the mere creature of a Court of Equity. It rests upon the natural justice of permitting the vendor to subject the property, which he has transferred, to the payment of the debt which constitutes the consideration of the transfer, there being no distinct and independent security taken for such debt. It is an equitable right which can be asserted only by one who has thus parted with

his property. It is, therefore, the personal privilege of the vendor, given solely for his security, and is in its nature unassignable." (*Williams* v. *Young* (1862) 21 Cal. 227, 228.) ■ A vendor's lien is a mere personal privilege to resort to land as a means of enforcing a land sale contract. (*Estate of Reid* (1938) 26 Cal.App.2d 362, 369 [79 P.2d 451].) The right to resort to a vendor's lien must be established by suit, the lien is of no operative force or effect until established by a decree of court and may be asserted only by a suit in equity for the purpose of obtaining such a decree. (*Mills* v. *Mills* (1956) 147 Cal.App.2d 107, 118 [305 P.2d 61].)

As can be seen by the above authorities, a vendor's lien is a mere equitable right to rely upon the property to satisfy the purchase obligation. Powell states: "Equities, such as the right to enforce a resulting trust, or the right to reform, or to set aside conveyance, do not rest generally on an instrument which can be recorded. Hence, their assertion against a subsequent purchaser is unaffected by the law of recordation." (6A Powell on Real Property (6th ed. 1977) Recordation, § 914, p. 282.) ■ The vendor's lien in favor of plaintiff was implied in law when she conveyed the property and failed to secure the promissory notes. When plaintiff recorded the notice the promissory notes were not in default and plaintiff was not seeking enforcement of her implied lien. The notice thus did not create the lien nor did it affect the title or possession of the property. The notice was therefore not authorized to be recorded and no provision of law provides that such a notice gives subsequent purchasers constructive notice of the lien. The notice was merely a self-serving declaration of which the defendants may not be charged with knowledge. The trial court thus erred in holding that the notice gave defendants constructive knowledge of plaintiff's interest.

■ Since plaintiff stipulated that defendants did not have *actual* knowledge of her claimed lien, defendants are bona fide purchasers for value. As such they acquired their interest free from any claim of plaintiff and judgment must be entered in their favor.

The judgment is reversed. The trial court is directed to enter judgment in favor of defendants.

Puglia, P. J., and Paras, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 7, 1980.