[Civ. No. 62080. Second Dist., Div. Two. Dec. 23, 1981.]

LAWYERS TITLE COMPANY OF VENTURA, Plaintiff and Appellant, v.
MICHAEL D. BRADBURY, as District Attorney, etc., Defendant and Respondent.

COUNSEL

Trom & Caporael, Francis T. Caporael and C. Stanley Trom for Plaintiff and Appellant.

Michael D. Bradbury, District Attorney, and Robert J. Bayer, Deputy District Attorney, for Defendant and Respondent.

OPINION

COMPTON, J.—Appeal by a title insurance company from a judgment in an action for declaratory relief decreeing that a lien exists on a parcel of real property, the clear title to which the company had insured. We reverse.

In an attempt to effectuate enforcement of child and spousal support obligations, the Legislature enacted Code of Civil Procedure section 674.5, which provides in pertinent part: "A certified copy of any judgment or order of the superior court of this state for spousal or child support, when recorded with the recorder of any county, shall from such recording become a lien upon all real property of the judgment debtor, not exempt from execution, in such county, owned by him at the time, or which he may afterwards and before the lien expires, acquire, for the respective amounts and installments as they mature (but shall not become a lien for any sum or sums prior to the date they severally become due and payable) which lien shall have, to the extent herein provided and for the period of 10 years from such recording, the same force, effect and priority as the lien created by recordation of an abstract of a money judgment pursuant to Section 674."

■ The spirit and purpose of the statute is, of course, to provide a source for the satisfaction of judgments for child and spousal support.

On the other hand, the Legislature provided the judgment debtor with a "do it yourself" method of removing the lien when it included in the same statute, the following: "The certificate of the judgment debtor, ... certified by him under penalty of perjury, that all amounts and installments which have matured under said judgment prior to the date of such certificate have been fully paid and satisfied shall, when acknowledged and recorded, be prima facie evidence of such payment and satisfaction and conclusive in favor of any person dealing in good faith and for a valuable consideration with the judgment debtor or his successors in interest; ..."

It thus appears that under the statute, a judgment debtor may place the property beyond the reach of his or her creditor by the filing of even a false certificate of satisfaction so long as he or she is willing to risk prosecution for perjury. Thus a good faith purchaser from the judgment debtor is given a higher priority or greater protection than the judgment creditor.

In the case at bench the facts are as follows. On March 3, 1976, Marilyn Cardilino petitioned the Superior Court of Ventura County for dissolution of her marriage to John Cardilino.

The parties stipulated to an order pendente lite which required, inter alia, that John pay $345 a month child support, and $105 a month spousal support. The order signed by the trial court affirming the stipulation provided: "This order shall not be served upon anyone not a party to this action."

Subsequently, the interlocutory decree was entered on December 4, 1978. That decree differed from the order pendente lite in that the amount of child support was reduced to $260 a month and the spousal support to $75 a month.[1]

In the interim, John acquired a house by grant deed recorded on July 16, 1977, and on April 12, 1978, the District Attorney of Ventura

[1]We note that counsel for Marilyn and John both signed the interlocutory decree and approved it for form and content. Apparently Marilyn made no issue of John's failure to comply with the order pendente lite.

County caused the order pendente lite to be recorded as a lien against the property pursuant to Code of Civil Procedure section 674.5. The interlocutory decree was never recorded.

On March 21, 1979, John executed the certificate, as provided for in Code of Civil Procedure section 674.5, that the order pendente lite had been satisfied. On the following day he executed a grant deed to the property in favor of a Betty and James Haub. That deed was recorded April 26, 1979, and Lawyers Title Insurance Company (Lawyers) issued its policy on that same date. The aforementioned certificate was recorded by Lawyers on June 26, 1979.

When the district attorney made a demand on Lawyers for a sum in excess of $8,000 and threatened foreclosure of the lien on the property, the latter instituted this action.

■ We conclude that the recording of the order pendente lite, contrary to its express terms, did not create a lien on the property and in any event the Haubs and Lawyers are protected as good faith purchasers and insurers who relied on John's sworn certificate notwithstanding the delay in recordation.

As noted the trial court's order pendente lite in the dissolution action specifically prohibited service of that order on anyone except the parties. This is a usual procedure. Orders pendente lite are generally short-lived and modified by the ensuing interlocutory decree, as was the case here, hence inconvenience to third parties is avoided by limiting the effect of such orders to the parties to the action.

■ Recording is a form of service on or notice to third parties. Hence the recording of a court order which, by its very terms, is not authorized for such purpose, imparts no constructive notice to third parties. The recording was a nullity. (*Brown* v. *Johnson*, 98 Cal.App.3d 844 [159 Cal.Rptr. 675].) The district attorney had no greater authority to cause the order to be recorded than the party whom he purports to represent, to wit, Marilyn.

■ Assuming arguendo that the recordation of the order constituted a lien pursuant to Code of Civil Procedure section 674.5, as the district attorney contends, the certificate executed by John pursuant to that same statute was conclusive in favor of the Haubs and Lawyers who dealt with him in good faith and for valuable consideration.

The district attorney's contention in this regard is that the certificate was not effective until actually recorded and that the Haubs and Lawyers were not entitled to rely on it prior to its recordation.

We have difficulty following that argument. The district attorney does not contend that the Haubs and Lawyers dealt with John other than in good faith and for valuable consideration. Further there is no question that both the Haubs and Lawyers had actual notice of the certificate and that *it was recorded prior to any action by the district attorney to foreclose the lien or prove the falsity of the certificate.*

We do not read Code of Civil Procedure section 674.5 to require the certificate to be recorded before it can be relied on by persons who have actual knowledge of its existence and content. ■ The purpose of recording is to give *constructive* notice to prospective purchasers and mortgagees of existing claims whether valid or invalid. (*Domarad v. Fisher & Burke, Inc.*, 270 Cal.App.2d 543 [76 Cal.Rptr. 529]; *Berendsen v. McIver*, 126 Cal.App.2d 347 [272 P.2d 76]; Civ. Code, § 1213.) Constructive notice is never considered to be superior to actual notice in legal effect.

The district attorney contends that the recordation, required by the statute, is to give notice to the judgment creditor that the debtor claims to have satisfied his or her obligation, and thus to permit the creditor to take further action to protect his or her interests. If that is the purpose of the statute, it is totally ineffective in preventing the judgment debtor from placing the property beyond the reach of the judgment creditor.

The statute contains no requirement that recordation precede any dealing between the debtor and third persons or that any time elapse between the execution and recording of the certificate of satisfaction and the transfer of the property subject to the lien.

In the instant case, if John had recorded the certificate on the same day he executed it and simultaneously executed the deed to the property, the district attorney would have been powerless to prevent the transfer or to assert the lien as against the Haubs or Lawyers. The delay in recordation did not alter the position of the district attorney or his client, Marilyn, one iota.

The aggressiveness with which the District Attorney of Ventura County pursues enforcement of child support orders is commendable,

but under the circumstances Code of Civil Procedure section 674.5 is not an effective tool. The clear intent of the Legislature was, and we think quite properly, to protect innocent third parties. As we observed, the judgment debtor has the power effectively to thwart the creditor's efforts to seek satisfaction from real property owned by the debtor. The real inhibition to such conduct is a threat of prosecution for perjury if the certificate is in fact false. The district attorney's weapon then is a prosecution for perjury of the judgment debtor and not the shifting of the obligation to innocent third parties. If the statute is ineffective, the Legislature is the proper body to correct it.

The judgment is reversed and the matter is remanded to the trial court with directions to enter a judgment declaring that no lien exists on the property in question.

Roth, P. J., concurred.

**BEACH, J.**—I dissent.

The most important interest to be considered and protected here is the right of a child to be supported by its parent. Accompanying that interest is the interest of society in enforcing the parent's obligation by resorting to the parent's property when the parent fails to support his child. In the recent words of Justice Powell's dissent, "Familial obligations are not merely commercial. Few legal duties are more universally acknowledged than the duty of a father to support his children." (*Ridgway* v. *Ridgway* (1981) 454 U.S. 46, 68 [70 L.Ed.2d 39, 102 S.Ct. 49, 61].) Indeed, the willful failure of a parent to support his child is a crime. (Pen. Code, § 270; *In re King* (1970) 3 Cal.3d 226 [90 Cal.Rptr. 15, 474 P.2d 983].)

The procedure under which appellant claims operates to defeat and conflicts with the law's policy of aiding enforcement of a parent's child support obligation. That policy in my view far surpasses any commercial policy regarding free alienation of property or the clearing of land titles.

One part of the statute here involved (Code Civ. Proc., § 674.5) seeks to secure the payment of child support through the creation of a lien on the father's realty. The father in order to convey his property free of that lien seeks to utilize the procedural relief afforded by another part of the same statute. Because the procedure under which the

father claims operates to diminish the protection of the child support and thus is in conflict with the more important of the two policies, the trial court was entitled to require strict compliance with the statute and to view any ambiguity arising from the stipulated facts most strongly against the judgment-debtor father and title company and in favor of the preservation of the sources of child support and the protection of the lien therefor.

The majority opinion rests on two premises: (1) the recording of the support order was contrary to the "express terms thereof" and therefore was a nullity creating no lien under the first part of Code of Civil Procedure section 674.5 and (2) even if a valid lien had been created, appellant is protected because it relied in good faith on the sworn but unrecorded certificate of the judgment-debtor/father and because the certificate was eventually recorded.

The recording was not contrary to the express terms of the order. The express terms forbade service not recordation. Appellant and the majority interpret service to include recordation by implication. No authority is given for this. I do not believe such interpretation is allowable under the circumstances here.

More importantly, that part of the order forbidding *service* if it may be interpreted to include *recording* would be a nullity. The recording of a support order is a statutory right under the terms of Code of Civil Procedure section 674.5 itself. The superior court in the dissolution O.S.C. proceeding was totally without authority in this case to make such order divesting the wife's right to record. A court has no power to deprive a litigant of a statutory right unless the litigant clearly stipulates to such order or the matter has been put in issue by the litigation, tried and decided. But that is not the case in the matter at bench.

Appellant's claim that there was a stipulation by the parties that the order would not be recorded is absolutely wrong. There was no such stipulation and there is no inference or implication that such is what the parties intended. There was no stipulation regarding service or recording. Thus the order forbidding service was without authority in the first place and even if so made it cannot be interpreted to mean that the party could not record the order. The majority opinion and appellant rely on *Brown* v. *Johnson* (1979) 98 Cal.App.3d 844 [159 Cal.Rptr. 675] as authority for the proposition that recording the support order was a nullity. *Brown* v. *Johnson* is totally inapposite and factually distinguish-

able. *Brown* v. *Johnson* involved the attempt by a vendor of realty to record a self-serving declaration made by the vendor herself of an equitable lien. The lien had not been perfected into any kind of judgment or order at the time or recordation. As a result, there was no order permitting the recordation and no statute permitting recording of such unperfected lien claim. Here by contrast there was a lawful, statutorily recordable order of the court. (Code Civ. Proc., § 674.5; see 2 Miller & Starr, Current Law of Cal. Real Estate (1977) Recording and Priorities, § 11:8, pp. 18-30.)

A valid lien against the father's property having been created, the issue then becomes whether or not the lien was validly extinguished. Again in this respect the trial court was entitled to require proof of strict and literal compliance with the statute, and to interpret the application of the statute narrowly.

The certificate of the father did not extinguish the lien on the realty when conveyed to the new buyers. At the time the property was conveyed the certificate was unrecorded. The buyers purchased a piece of property that still had an existing, lawfully created lien thereon. It had not been extinguished by act of the creditor nor order of the court nor by the debtor's *full* compliance with the statutory requirements. Appellant claims that it is a person dealing in good faith with the judgment-debtor. If that claim is intended to mean no knowledge of the lien problem, it is not true. Appellant was aware that there was a lien and that the certificate of the judgment-debtor relating to that lien had been executed the day before the deed was executed. Appellant was also aware that the certificate was not recorded when appellant purported to rely (and led its insureds also to rely) on the certificate. To permit appellant's interpretation of the statute would be to permit the statute to be totally ignored.

Appellant's argument accepted by the majority is that as long as appellant had "actual notice" of payment of the obligation secured by the lien of Code of Civil Procedure section 674.5, it is enough to be as to appellant conclusive evidence of payment (and thus inferentially extinguishment of the lien) because actual notice is better than the constructive notice given by recordation. Carried to its logical conclusion this view would make the declaration under perjury similarly irrelevant as long as *actual* notice of any kind was given. This would not require any proof, but would allow any kind of notice, including a telephone call, a letter or an oral declaration, to suffice for the declaration (that the

amount secured by the lien had been paid). The question is, why bother with a certificate under perjury or even any certificate? The answer is that with reference to the determination of who is a person dealing in good faith with a judgment-debtor, the only fair interpretation, protective of the child support policy, is that the statute contemplates and intends that the person be dealing contemporaneously with a judgment-debtor who has executed *and recorded* a certificate under the penalty of perjury.

I agree with respondents that the proper view of this description of a "person dealing in good faith with a judgment-debtor" described in that particular paragraph of section 674.5 refers to one presently dealing with the judgment-debtor after the certificate has been acknowledged and recorded. Here, appellant acted on its own, ignoring the command of the statute that the debtor's certificate be recorded as well as executed. Appellant insured the purchasers' title, the purchasers took the property, recorded the deed, and the entire transaction had been completed for three months before the debtor's certificate was recorded. Appellant's recordation of the debtor's certificate was not until three months *after* the conclusion of this transaction and done after respondent district attorney notified appellant that respondent was going to enforce the lien. It was an attempt to lock the barn door after the horse was gone. That conduct does not look like dealing in good faith within the contemplation of the statute.

For the reasons above, I believe the trial court was entitled to require very strict compliance with the provisions of any statute which tends to defeat the rights of minor children to reach some parental property as a source for unpaid support. I would affirm.