[Civ. No. 67998. Second Dist., Div. Six. Oct. 7, 1983]

FRED H. ELLROTT et al., Plaintiffs and Respondents, v.
NORHA A. BLISS, Defendant and Appellant.

COUNSEL

Donald J. Parrish and J. Michael Armstrong for Defendant and Appellant.

Lucking, Bertelsen, Bysshe, Kuttler & Smiley and William A. Lucking, Jr., for Plaintiffs and Respondents.

OPINION

ABBE, J.—Appeal from a judgment quieting respondents' title to real property and declaring lien claimed by appellant void.

The facts are not in dispute. On April 9, 1979, appellant obtained an interlocutory decree of dissolution of her marriage to Robert Bliss (Bliss). Appellant was awarded custody of their four minor children. On March 1,

1979, the court ordered Bliss to pay her $125 per month, per child, for child support and $600 per month spousal support. The spousal support was to continue for 60 consecutive months.

On October 2, 1980, appellant recorded an abstract of judgment in Ventura County pursuant to Code of Civil Procedure section 674.[1] The abstract contained the following language: "$125/mo perchild, Child Support, payable first day of each month, commencing March 1, 1979. $600/mo, Spousal support, payable first day of each month, commencing March 1, 1979, continuing for a total period of sixty (60) months."

At the time of recording Bliss owned real property in Ventura County which he then sold to respondents. The escrow in the sale from Bliss to respondents closed on January 6, 1981, and the grant deed from Bliss to respondents was recorded that day.

Bliss did not make the spousal support payments from November 1979 through October 1980 and failed to make the child support payment in April 1979. At the time appellant recorded the abstract of judgment the total amount of child and spousal support arrearage was $7,700.

Neither respondent nor their title insurance company discovered the abstract of judgment. The net proceeds from the sale of the property from Bliss to respondents was paid to Bliss.

■ The issue in this case is whether appellant acquired a valid lien against the real property by recording the abstract of judgment. The trial court held she did not and we affirm.

In October 1980 section 674 provided in pertinent part: "An abstract of the judgment or decree of any court of this state, . . . may be recorded with the recorder of any county and from such recording the judgment or decree becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in such county, owned by him at the time, . . ." In *Yager* v. *Yager* (1936) 7 Cal.2d 213, 216-217 [60 P.2d 422, 106 A.L.R. 664], the Supreme Court, commenting on the effect of recording an abstract of judgment for support payments, indicated that "a judgment for periodic installments for an indefinite time is not a lien on property of the judgment debtor unless the judgment provides for a lien. . . ."

Appellant's reliance on *Moniz* v. *Moniz* (1956) 142 Cal.App.2d 641 [299 P.2d 329] is inappropriate. In *Moniz* a former wife had recorded an abstract

---

[1]All further references to code sections are to the Code of Civil Procedure.

of judgment under section 674, not for child or spousal support, but for payments in installments of an award to her of money in the division of the community property. The court held that the recording of the abstract of judgment created a lien for the amount due at the time of recording but not for installments due subsequent thereto.

In 1959 section 674.5 was adopted. It provided in pertinent part: "A certified copy of any judgment or order of the superior court of this state for spousal or child support, when recorded with the recorder of any county, shall from the recording become a lien upon all real property of the judgment debtor, not exempt from execution, in the county, owned by him or her at the time, or which he or she may afterwards and before the lien expires, acquire, for the respective amounts and installments as they mature (but shall not become a lien for any sum or sums prior to the date they severally become due and payable) which lien shall have, to the extent herein provided and for the period of 10 years from the recording, the same force, effect and priority as the lien created by recordation of an abstract of a money judgment pursuant to Section 674." There were elaborate and detailed procedures set forth in section 674.5 on how a judgment debtor could extinguish a lien established under that section. These procedures did not apply to a lien established by the recording of an abstract of judgment under section 674.

Section 674.5 was repealed effective July 1, 1983. In 1982 the Legislature enacted part 2, title 9, division 2, commencing with section 695.010, entitled "Enforcement of Money Judgments," effective July 1, 1983. Section 697.320 provides in pertinent parts: "A judgment lien on real property is created under this section by recording a certified copy of any of the following money judgments with the county recorder: [¶] (1) A judgment for spousal or child support payable in installments. . . ." Section 697.350, subdivision (c) provides, "[a] judgment lien created pursuant to Section 697.320 is a lien for the amount of the installments as they mature under the terms of the judgment, . . . but does not become a lien for any installment until it becomes due and payable under the terms of the judgment." Section 697.400 provides a method whereby the judgment debtor may have the lien extinguished as a matter of record to the extent of the satisfied installments as set forth in an acknowledgment of satisfaction of matured installments if the acknowledgement is executed as provided in section 724.250. Section 724.250 provides that the satisfaction of matured installments shall be made by the judgment creditor. Such action can be demanded by the judgment debtor pursuant to section 724.220.

The point of all this discussion is to indicate that since 1959 the Legislature has treated a judgment for installment payments of child and spousal

support differently than any other kind of judgment and that prior to 1959 there was no procedure for filing a certified copy of such a decree to establish a lien.

We hold that the exclusive method of establishing a lien on real property of the judgment debtor for child and spousal support payments ordered by a court was pursuant to section 674.5 and is now pursuant to section 697.320.

Even assuming appellant was correct in choosing section 674 in attempting to establish a lien against the real property of the judgment debtor, the abstract recorded was inadequate and its recording a nullity. (*Lawyers Title Co.* v. *Bradbury* (1981) 127 Cal.App.3d 41, 45 [179 Cal.Rptr. 363]; *Brown* v. *Johnson* (1979) 98 Cal.App.3d 844, 850 [159 Cal.Rptr. 675].) Section 674 requires that the abstract contain the "amount of the judgment." The amount of the judgment cannot be ascertained from the abstract recorded in this case. The abstract does not indicate either the amount of the accumulated arrearage or the number of children involved although it is apparent from the document that support is ordered for more than one child.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.