Filed 9/30/15  Hackett v. Mathews CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| BRENDA HACKETT, | C073966 |
| Plaintiff and Appellant, | (Super. Ct. No. PC20100542) |
| v. | |
| RONALD MATHEWS et al., | |
| Defendants and Respondents. | |

Plaintiff Brenda Hackett appeals from a judgment entered after the trial court ruled against her on her action seeking to enforce a purported judgment lien against certain real property that she had previously deeded over to her former husband Patrick Hackett in accordance with their marital settlement agreement.

1

In this appeal we must decide whether a provision in a family law judgment requiring a party to maintain health insurance for the parties' minor children gives rise to a judgment lien against real property.

Code of Civil Procedure section 697.320[1] provides "the exclusive method of establishing a lien on real property of the judgment debtor for child and spousal support payments ordered by a court." (*Ellrott v. Bliss* (1983) 147 Cal.App.3d 901, 904-905.) It states in pertinent part that "[a] judgment lien on real property is created . . . by recording . . . a certified copy of . . . the following money judgments with the county recorder: [¶] (1) A judgment for child, family, or spousal support payable in installments." (§ 697.320.) We shall conclude that even assuming for purposes of this appeal that the requirement in this case to maintain health insurance for minor children is a form of child support, it does not give rise to a judgment lien against real property because it does not constitute a money judgment, nor is it payable in installments. Accordingly, we shall affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Brenda and Patrick were married in 1995 and separated in August 2006.[2] A judgment dissolving the marriage was entered on November 27, 2007.

Brenda and Patrick owned a residence in Folsom in which Brenda continued to reside with their two daughters after the divorce. During the marriage, they also acquired a 10-acre parcel of vacant land in Pilot Hill in El Dorado County for $110,000.

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

[2] We use the parties' first names to avoid confusion generated by their common surname. No disrespect is intended.

A marital settlement agreement governing the division of assets and other rights and obligations undertaken by Brenda and Patrick was incorporated into the judgment of dissolution. Under that agreement, Patrick was awarded the Pilot Hill property, which was then free of debt. Patrick also was required to, among other things, pay $2,000 per month in child support and obtain and maintain health insurance for the children on or before December 1, 2007. Brenda and Patrick both waived entitlement to spousal support.

Brenda recorded a certified copy of the dissolution judgment in El Dorado County on February 11, 2008. (§ 697.320, subd. (a)(1).)

Later that month, Patrick filed an application to compel Brenda to sign over title to the Pilot Hill property to him as required by the judgment, claiming that he was in debt and facing financial collapse. Brenda opposed the application on the ground that Patrick was not complying with his obligations under the judgment, including the payment of child support and maintenance of health insurance for the children. At the March 5, 2008, hearing on Patrick's application, Brenda and Patrick entered into a court-approved stipulation and order, which provided that the following be "paid out of escrow": a $1,400 loan on Brenda's car; $4,000 in child support arrearages; and $3,300 on the "Washington Mutual flex account," which encumbered the Folsom residence. The stipulation and order also required Patrick to "notify [Brenda] as soon as he receives approval for a loan to be secured by the 10 acres of unimproved real property awarded to him from property division."

Patrick arranged for a $120,000 loan on the Pilot Hill property from Verdeo Capital Group (Verdeo), a private real estate lender that used funding from an investor named Visione Enterprises (Visione), and an escrow was opened at Financial Title Company in Roseville for that purpose. On March 7, 2008, Brenda went to the title company and signed escrow instructions authorizing the escrow officer to deliver and

3

record Brenda's deed to Patrick when the three conditions in the stipulation and order were satisfied.

The escrow officer requested a payment demand from the Sacramento County Department of Child Support Services, which had been authorized to act on Brenda's behalf to enforce Patrick's child support obligation. The county submitted a demand of $6,357.50, which included matured installments of child support, interest, costs, and fees through March 31, 2008. That sum was remitted to the county from the loan proceeds at the close of escrow.[3]

Escrow closed on March 14, 2008, and net loan proceeds of $73,113 were remitted to Patrick. Thereafter, Patrick made monthly child support payments for a time, but ultimately defaulted on that obligation. He similarly defaulted on his loan from Verdeo, and the Pilot Hill property was foreclosed upon and conveyed to Visione by trustee's deed in May 2010. The property was later sold to respondents Ronald and Karen Mathews for $155,000. Their deed was recorded on August 23, 2010.

Brenda commenced this action on August 26, 2010, claiming that the judgment lien created by the recording of the dissolution judgment on February 11, 2008, had priority over the Visione's deed of trust, and as a result she "maintains a superior priority lien/judgment right in and to the subject Pilot Hill property vis-à-vis defendants . . . ." Brenda sought to quiet title to an interest in the Pilot Hill property arising under the dissolution judgment, and to foreclose her alleged judgment lien. Alternatively, she sought to impose a constructive trust or equitable lien on the property. Unaware that the property had been sold to the Mathews, she initially brought the action against Visione. She later amended her complaint, adding the Mathews as defendants.

---

**3** In addition, $1,400 was remitted to Golden 1 Credit Union to pay off Brenda's car loan, and $3,300 was remitted to Washington Mutual to bring the flex debt current.

4

Following a two-day trial, the trial court concluded that Patrick's "support payments to . . . Brenda . . . were current at the time the Visione deed of trust [was] recorded, and that the Pilot Hill property was therefore free of any lien rights of [Brenda] at that time," and entered judgment in favor of the Mathews. More specifically, the court determined that "all [child support] payments which had accrued through March 1, 2008 . . . were paid off prior to the recording of Visione's Deed of Trust on March 14, 2008," and thus, the "Pilot Hill property was free of [Brenda's] judgment lien on March 14, 2008, when Visione's Deed of Trust was recorded." The trial court also found that evidence concerning Patrick's failure to maintain health insurance for the children was irrelevant to Brenda's claims regarding the Pilot Hill property "for the reasons set forth in [the Mathews'] . . . Closing Trial Brief," which asserted that "[e]xcept for child support payments, the original marital judgment did not impose a lien upon the Pilot Hill property."

DISCUSSION

Brenda contends that the trial court erred in concluding that the Pilot Hill property was free of her judgment lien on March 14, 2008, when Visione's deed of trust was recorded. She argues that the lien remained in effect due to Patrick's failure to obtain and maintain health insurance for the children as specified in the dissolution judgment. According to Brenda, "[h]ealth care insurance is a form of child support which must be paid current as a condition of lien priority on the loan." As we shall explain, even assuming for purposes of this appeal that health care insurance is a form of child support, that portion of the dissolution requiring Patrick to obtain and maintain it did not give rise to judgment lien on real property.

Generally speaking, a judgment lien on real property is created by recording an abstract of a money judgment with the county recorder. (§ 697.310, subd. (a).) The exclusive method of establishing a lien on real property of the judgment debtor for overdue child support payments is prescribed by section 697.320. (*Ellrott v. Bliss*, *supra*,

5

147 Cal.App.3d at pp. 904-905; see also *In re Marriage of Orchard* (1990) 224 Cal.App.3d 155, 158.) Subdivision (a)(1) of section 697.320 provides in pertinent part: "A judgment lien on real property is created under this section by recording an abstract . . . or a certified copy . . . of the following money judgments with the county recorder: [¶] (1) A judgment for child, family, or spousal support payable in installments." "Unless the money judgment is satisfied or the judgment lien is released, a judgment lien created under paragraph (1) of subdivision (a) . . . continues during the period the judgment remains enforceable." (§ 697.320, subd. (b).) "A judgment lien created pursuant to Section 697.320 is a lien for the amount of the installments as they mature under the terms of the judgment, . . . but does not become a lien for any installment until it becomes due and payable under the terms of the judgment." (§ 697.350, subd. (c).) If real property subject to a judgment lien is transferred or encumbered, the interest transferred or encumbered remains subject to the lien "in the amount of the lien at the time of transfer or encumbrance plus interest thereafter accruing on such amount." (§ 697.390, subd. (b).) In other words, if there are matured and unpaid installments at the time of the transfer or encumbrance, the judgment lien survives as to any arrearages but does not increase by the amount of future installments as they mature. (*Ibid.*)

As a preliminary matter, Brenda does not dispute the trial court's finding that all child support arrearages arising from Patrick's obligation to pay $2,000 per month in child support were paid off *before* escrow closed and Visione's deed of trust was recorded. Rather, she claims that the trial court erred in failing to take into account Patrick's failure to obtain and maintain health insurance for the two children, an obligation that remained unfulfilled at the close of escrow and beyond.

The marital settlement agreement, which was incorporated into the dissolution judgment, required in pertinent part that Patrick "obtain and maintain a health insurance policy for the minor children through their minority with Kaiser, or equivalent, and be solely responsible for those premiums." The judgment lien created by the recording of

6

the dissolution judgment only secured the payment of a *money judgment* for child, family, or spousal support payable in installments. (§ 697.320, subd. (a)(1).) A " '[m]oney judgment' " is "that part of a judgment that requires the payment of money." (§ 680.270.) To be enforceable, a money judgment "must be stated with certainty and should specify the amount." (*Kittle v. Lang* (1951) 107 Cal.App.2d 604, 612.) That portion of the dissolution judgment pertaining to health insurance does not require the payment of money; it requires the maintenance of insurance. No monetary amount is specified, nor is such ascertainable from the record. Thus, that portion of the judgment requiring Patrick to obtain and maintain health insurance is not a money judgment. Nor is it a judgment payable in installments. While insurance premiums often are payable in installments, there is no indication that such was the case here. Moreover, as the Mathews correctly observe, it is possible for an individual to obtain health care insurance without making payments in installments or without making any payments at all if the individual participates in a health insurance plan sponsored by an employer. Accordingly, that portion of the dissolution judgment requiring Patrick to obtain and maintain health insurance did not give rise to a judgment lien against the Pilot Hill property or any other real property, and the trial court did not err in determining that the Pilot Hill property was free of any lien rights of Brenda at that time when escrow closed and Visione's deed of trust was recorded.[4]

---

[4] Because we find that the Patrick's obligation to obtain and maintain health insurance for the minor children did not give rise to a judgment lien, whether Brenda had notice of the Verdeo loan is of no consequence. Accordingly, we shall not consider her claims related to notice.

7

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.  (See Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/s/
Blease, Acting P. J.


We concur:


/s/
Robie, J.


/s/
Mauro, J.

8