[No. 5486.]

## M. C. FRAZIER *v.* HELENA CROWELL.

| 52 | 399 |
|----|-----|
| 80 | 368 |
| 52 | 399 |
| 112 | 93 |

FINDING OF FACT IN EJECTMENT.—In ejectment, a finding that "the defendant has a good and perfect title to the demanded premises" supports a judgment for him, whether it is to be regarded as a finding of fact or conclusion of law.

LIEN OF JUSTICE'S JUDGMENT.—In order that a judgment, rendered by a Justice of the Peace since the adoption of the Code, may become a lien on the property of the judgment-debtor, "an abstract" and not "a certified copy" of the same must be filed in the office of the County Recorder.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Ejectment to recover a lot on the west side of Leavenworth Street, between California and Sacramento Streets, San Francisco.

On the 17th of February, 1871, G. W. Tyler recovered a judgment against the defendant in the Fifteenth District Court for five hundred and fifty dollars. On the 21st of March following, an execution was issued on the judgment, and on the

4th of September following, the property was sold by the Sheriff to said Tyler, in two parcels, for six hundred and fifty dollars. On the 5th of January, 1871, O. C. McCracken recovered a judgment in a Justice's Court against the defendant for thirty-five dollars, and on the 7th of August, 1871, he sold the judgment to the plaintiff here; but said Tyler furnished the money to buy it, and it was bought for his benefit with the consent of the plaintiff, who was only the nominal owner. On the 11th of September, 1871, a "certified copy" of the McCracken judgment was filed in the office of the County Recorder, and afterward, but on the same day, said Tyler, by I. Carpenter, his agent, in the name of the plaintiff, redeemed the property from the sale made on the 4th of September, under the execution. The redemption was made in the name of the plaintiff, as assignee of the McCracken judgment. The money to make the redemption was the money of said Tyler, and the redemption was made for his benefit. On the 28th of February, 1872, the defendant redeemed the property from the sale of the 4th of September, by a payment to the Sheriff, and also, prior to the 4th of March, 1872, arranged with the Sheriff to pay said Tyler the sum necessary to redeem from the McCracken judgment, and the Sheriff tendered the whole sum to said Tyler soon after said 4th of March, but he refused to receive it. On the 21st of November, 1874, the Sheriff executed to the plaintiff a deed of the property as a redemption from the Tyler judgment. The Court rendered judgment for the defendant, and quieted her title to the property.

The Court held, as a conclusion of law, that the payment made by the defendant to the Sheriff, and the arrangement made with him, effected a redemption of the property from the sale under the Tyler judgment and from the McCracken judgment. The other facts are stated in the opinion.

*J. P. Hoge,* for the Appellant.

A purchaser at a Sheriff's sale may take an assignment of judgments against the defendant in the execution. The payment by Crowell to the Sheriff did not effect a redemption.

She did not pay the McCracken judgment. The statute concerning redemptions must be strictly followed. (*Dickenson* v. *Gilliland*, 1 Cowen, 498; *People* v. *Covell*, 18 Wend. 593; *People* v. *Sheriff of Broome*, 19 Wend. 87; *Waller* v. *Harris*, 20 Wend. 555; *Ex parte Raymond*, 1 Denio, 272; *Ex parte Peru Iron Company*, 7 Cowen, 560.)

*Birch & Griffith*, for the Respondent.

Who are redemptioners is no longer an open question under the Code. This case is on all fours with and conclusively decided in *Sharp* v. *Miller*, 47 Cal. 84, 85.

By the COURT:

The appeal is taken from the judgment; the findings of the Court below are not attacked, and the general question is whether the findings support the judgment which the defendant obtained below. We are of opinion that they do. The ninth finding of fact is in the following words: " Ninth. That said defendant Helena Crowell, *alias* Golinski, has a good and perfect title to said property." If it be claimed that this finding, though among the findings of fact, is in its substance a conclusion of law, what is to be said of the fourth finding, by which the plaintiff's case is attempted to be supported? That finding is as follows: " Fourth. That at the time of said redemption, said McCracken judgment was in full force and unpaid, and a *valid and subsisting lien* upon the property described in the complaint." Might not the existence of the lien be also characterized as a question of law? The McCracken judgment was rendered in the Court of a Justice of the Peace, and in order to operate a lien it was necessary that an *abstract* of the judgment should be filed in the office of the County Recorder. (Code Civil Procedure, sec. 900.) The finding in this respect (third) is, that " a *certified copy* of said McCracken judgment was duly recorded in the office of the Recorder," etc.

A " certified " copy is not an " abstract," and the statute (Ibid. 897) makes the distinction and prescribes the exact form in which the abstract is to be prepared. This is an innovation

upon the former statute, (Practice Act, sec. 599) which required a "transcript of the judgment" to be filed in the Recorder's office.

By whatever rule these findings are to be tested, as being absolute findings of fact, or mere conclusions of law, the appellant is not entitled to have the judgment given below disturbed here.

Judgment affirmed.

At the January Term, 1878, in passing upon an application for a rehearing in this case, the Court delivered the following opinion:

It is true, as claimed in the petition for a rehearing, that the redemption made under the McCracken judgment was made before the taking effect of the Code of Civil Procedure, and that, therefore, the recording of a certified copy of the judgment in the Recorder's office was sufficient to create a lien upon the premises in controversy, and to this extent the opinion heretofore filed must be modified.

But it is not claimed in the petition that the finding, ninth in number, as follows: "Ninth — That said defendant, Helena Crowell, *alias* Golinski, has a good and perfect title to said property," (adverted to in the former opinion) is not sufficient in itself to support the judgment for the defendant rendered below.

The action is ejectment, and the finding just recited is not attacked as being without support in the evidence. The appeal is taken directly from the judgment, and assumes that the findings are correct in point of fact. It is true that the record contains a number of findings, besides the ninth finding just adverted to, but there is no necessary conflict between the ninth finding and the others. The latter concern the various steps taken about the Sheriff's sale, the redemption, etc.; but if it is perfectly consistent with all the findings to assume that the *title*, "*good and perfect*," which the defendant is found to have had at the trial of the action, is the very title which was the subject of the redemption, and which the defendant may have purchased from the plaintiff subsequently to the delivery of the Sheriff's

deed on November 20th, 1874, and before the commencement of the action, or possibly, the true title to the premises outstanding at the time of the redemption proceedings, and in the hands of a stranger to these proceedings, and from whom the defendant may have subsequently, and before the commencement of this action, purchased.

In short, under the established rules of practice prevailing here, the plaintiff cannot, in this condition of the findings, disturb the judgment, except through a proceeding by which the correctness of the findings in point of fact might be inquired into.  (*Smith* v. *Acker, ante.*)

We are satisfied with the judgment heretofore rendered, and the petition for a rehearing is denied.