[Civ. No. 13262.   Second Dist., Div. Three.   Jan. 30, 1942.]

ROBBINS INVESTMENT CO., INC. (a Corporation), Appellant, v. A. C. ROBBINS et al., Defendants; ANNANDALE, INC. (a Corporation), Respondent.

Neil S. McCarthy, Earl L. Banta and Howard P. Hall for Appellant.

M. J. Rankin, Milo V. Olson and Zuckerman & Stein for Respondent.

SCHAUER, P. J.— This case was submitted to the trial court on stipulated facts; no element of evidentiary conflict is involved and there is no dispute as to what essentially constitutes the sole legal question which must be answered. Hence we refrain from needless narration of the facts and state the question directly: Is a lien impressed on the property of a judgment debtor by the recording in the office of the county recorder of the county where the property is situated of a document certified by the county clerk, which document contains all of the factual data concerning a money judgment required by section 674 of the Code of Civil Procedure to be included in a valid abstract of judgment but which instead of epitomizing the judgment transcribes it in full?

The trial court answered this question in the affirmative and with its conclusion we agree.

The code section (Code Civ. Proc., sec. 674) states that "An abstract of the judgment or decree . . . certified by the clerk or justice of the court where such judgment or decree was rendered, may be recorded with the recorder of any county and from such recording the judgment or decree becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in such county, owned by him at the time, or which he may afterwards and before the lien expires, acquire. . . . The abstract above mentioned

shall contain the following: Title of the court and cause and number of the action; date of entry of the judgment or decree; names of the judgment debtor and of the judgment creditor; amount of the judgment or decree, and where entered in judgment book, minutes or justices' docket.''

The document recorded in this case contained every item of data specified in the code section and was certified by the clerk of the court. The only attack upon it is predicated on the ground that it contained surplusage; i. e., that it was not an *abstract* but a *transcript* (complete copy) of the judgment, hence was not entitled to be recorded under our recording laws and its unauthorized recordation failed to impress a lien on the property of the judgment debtor.

For the purposes of a hypothesis for this decision we may assume that the recordation of the document in question is authorized, if at all, only by the above quoted code section (Code Civ. Proc., sec. 674) and that its unsanctioned recordation would not operate to create a lien. But we conclude that the questioned document satisfies the requirements of an *abstract* as defined by such code section. The only definition of the term in our codes (other than as applied in the small claims court, Code Civ. Proc., sec. 117m) is that quoted above.

Ordinarily the noun ''abstract'' denotes a summary or epitome, ''That which comprises or concentrates in itself the essential qualities of a larger thing or of several things.'' (Webster's New International Dictionary, 2d ed., 1942.) In 1 C. J. S. at page 378, among other definitive statements appears the following: ''It ordinarily means a mere brief, and not a copy of that from which it is taken, although sometimes used in the sense of copy.'' These extraneous definitions, however, are not as important as is the language of the code section itself (Code Civ. Proc., sec. 674), hereinabove quoted. That language does not purport to avouch that an abstract must essentially comprise anything *less* than a transcript of a judgment but it does require that it contain *more;* i. e., a mere copy of a judgment might not, but by said code provision (Code Civ. Proc., sec. 674) an abstract must, disclose the *date of entry* of the judgment or decree and *where entered* in judgment book, minutes or justices' docket. These requirements are of substance, not of form; it is admitted that such requirements of substance have been

met. Although it was unnecessary to copy into the document words of the judgment beyond those actually essential to state the data required, their presence in the abstract does not vitiate it (Civil Code, sec. 3537) or render its recordation ineffective.

The case of *Frazier* v. *Crowell* (1877), 52 Cal. 399, cited by plaintiff, does not appear to be inconsistent with or authority against our conclusion. The court in its opinion in that case, at page 401 says: "A 'certified' copy is not an 'abstract,' and the statute [Code Civ. Proc., sec. 897] makes the distinction and prescribes the exact form in which the abstract is to be prepared." That code section (Code Civ. Proc., sec. 897) has long been repealed; it is still true under the present cast of the law, as we have observed, that a mere copy of a judgment does not make an abstract, but that is so because the present law prescribes *substance* beyond the copy of a judgment; it does not prescribe form. Furthermore, as commendably pointed out by counsel for appellant, the Supreme Court on application for rehearing in the cited case vacated all that portion of its opinion pertinent to our question. This latter fact apparently was not called to the attention of the District Court of Appeal in *Erkson* v. *Parker* (1906), 3 Cal. App. 98 [84 Pac. 437], also cited by appellant, wherein the vacated portion of the opinion (in *Frazier* v. *Crowell* (1877), 52 Cal. 399) is referred to and quoted as a holding of the court. However, that decision of the District Court of Appeal is likewise not inconsistent with our conclusion here. Its holding simply was that "the filing of an abstract is not a compliance with a law requiring the filing of an authenticated transcript." Our holding is not that the recording of a mere certified copy of a judgment is compliance with a law requiring the recording of an abstract, but is rather that the document which was recorded and which admittedly contained all the required data was, within the purview of the statute, an abstract.

The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurred.