[No. B006768. Second Dist., Div. Six. July 10, 1985.]

LINDA KEELE, Plaintiff and Appellant, v.
FREIDA REICH, Defendant and Respondent.

---

## Counsel

William D. Pettersen for Plaintiff and Appellant.

Mark Stone, Frandzel & Share, Robert D. Frandzel and Lesley Anne Hawes for Defendant and Respondent.

---

## Opinion

**STONE, P. J.**—This is an appeal from a judgment declaring a lien against the real property of plaintiff/appellant. We reverse.

The facts are not in dispute. In 1978, respondent entered into a limited partnership agreement with Michael L. Keele (hereafter referred to as Keele). Respondent filed suit against Keele for breach of his obligations under the limited partnership agreement. A judgment for money was entered against Keele on May 4, 1981.

Respondent recorded the abstract of judgment on October 28, 1981. Keele's social security number and driver's license number were marked "unknown" on the abstract of judgment even though Keele's social security number was contained in an exhibit to respondent's verified complaint against Keele.

After the abstract of judgment was recorded, Keele conveyed his interest in the subject property to appellant in divorce proceedings. Appellant filed suit for a declaration that respondent's lien against her property was invalid under Code of Civil Procedure section 674 because the abstract did not record her former husband's social security number. The court held the abstract substantially complied with section 674 and established a lien against appellant's property.

The issue on appeal is whether respondent's abstract was adequate under section 674 without containing the judgment debtor's social security number. We find it was not.

Section 674 sets forth content requirements for abstracts of judgment. It was amended by the Legislature in 1978 to require the social security or driver's license number or both of a judgment debtor in the contents of an abstract. That section provided in pertinent part in October 1981: "The abstract . . . shall contain the following: title of the court and cause and number of the action; date of entry of the judgment or decree; names of the judgment debtor and of the judgment creditor . . .; amount of the judgment or decree, and where entered in judgment book or minutes. It shall also contain the social security number or driver's license number or both of the judgment debtor if they are known to the judgment creditor. If such numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment." (§ 674, subd. (a).)[1]

There is no case law interpreting legislative intent in the amendment of section 674 to require recordation of a judgment debtor's social security or driver's license number. It is, therefore, our duty to construe that portion of the statute to determine whether the absence of a judgment debtor's social security number when it is known to a judgment creditor nullifies an abstract.

In construing a statute, the court must "ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; . . ." (Code Civ. Proc., § 1858.) " 'When the statutory language is clear there can be no room for construction of the statute. [Citation.]' " (*Harold L. James, Inc.* v. *Five Points Ranch, Inc.* (1984) 158 Cal.App.3d 1, 4 [204 Cal.Rptr. 494].)

There is no ambiguity in section 674 in terms of the required contents of an abstract of judgment. A debtor's social security number is mandatory. Respondent's argument that the statute does not mandate a social security number because of the statutory language "if known" is without merit. The statute did not say "may include the social security number." it said "shall . . . contain the social security number." Therefore, we find the omission of the judgment debtor's social security number when it was known or immediately accessible to respondent nullified the abstract.

---

[1]Section 674 was amended after 1978 and now reads: "An abstract of a judgment or decree requiring the payment of money . . . shall contain all of the following: . . . (f) The social security number and driver's license number of the judgment debtor if they are known to the judgment creditor; and, if either or both of such numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment."

An examination of the legislative history of section 674 shows a concern by the Legislature over the problem of identifying a judgment debtor in an abstract as opposed to a property owner who has the same or similar name as that of the judgment debtor. The Legislature inserted language in section 674 that an abstract shall contain a judgment debtor's social security or driver's license number since the statute did not previously require this information. Simultaneously with that amendment and under the same legislative bill, the Legislature amended Code of Civil Procedure section 675 to include a procedure whereby a judgment creditor must release his/her lien against a property owner whose name is the same as or similar to the true judgment debtor's since the previous statute did not contain such a procedure.

Our ruling is applicable only to the situation where an abstract of judgment contains no social security number of the judgment debtor and the judgment creditor has knowledge of the number. We do not rule that an abstract which does not contain a social security number is automatically void. The issue of compliance with statutory provisions for liens must be addressed on a case-by-case basis. (*Harold L. James, Inc.* v. *Five Points Ranch, Inc., supra*, p. 8.)

Respondent argues the standard for determining whether an abstract of judgment complies with section 674 is "substantial compliance," not "strict compliance." She claims her abstract substantially complied with the statute because it met its requirements *except for* the judgment debtor's social security number. Our decision is not inconsistent with the substantial compliance standard.

This standard was first enunciated by the Court of Appeal in *Huff* v. *Sweetser* (1908) 8 Cal.App. 689 [97 P. 705]. The court held there was no judgment lien where the judgment creditor had docketed the judgment in the maiden name of the judgment debtor who owned the subject property in her married name. The court reasoned the entry of the wrong name of the judgment debtor prevented notice of the lien, and stated: "In order to create a lien the judgment . . . must be properly docketed and the formalities of docketing, as required by the statute, must be substantially complied with." (*Id.*, pp. 696-697.)

In 1942, the Court of Appeal ruled that a judgment lien was established where the abstract of judgment contained all of the factual data required by section 674 but included more data than was statutorily required by transcribing the judgment in full. (*Robbins Invest. Co.* v. *Robbins* (1942) 49 Cal.App.2d 446 [122 P.2d 91].) In another case, the Court of Appeal found an abstract substantially complied with section 674 where dollar signs did

not appear before the figures indicating the amount of judgment. The court said it experienced no difficulty in gathering from the abstract that the numbers signified dollars and cents. (*Weadon* v. *Shahen* (1942) 50 Cal.App.2d 254, 259 [123 P.2d 88].) The abstract was further challenged because the judgment creditor, the State Superintendent of Banks, was no longer the same person when the judgment was first entered and abbreviations were used. The court found these arguments were without merit since the office of Superintendent of Banks was a continuing state office which existed apart from the actual individual filling it, and the abbreviations were of common usage and easily understandable. (*Id.*, p. 260.)

In *Ellrott* v. *Bliss* (1983) 147 Cal.App.3d 901 [195 Cal.Rptr. 446], the court held an abstract of judgment which contained the amount of monthly payments owed by the judgment debtor but omitted the amount of judgment was a nullity since section 674 required the amount of judgment and that amount could not be ascertained from the abstract. (*Id.*, p. 905.)

Respondent contends the issue is whether her lien was sufficient to give notice to the judgment debtor and third parties, pointing out that there was no confusion that appellant's former husband was the judgment debtor named in the abstract. Respondent further states the failure to include the judgment debtor's social security number involves the same level of non-compliance with the statute as the absence of dollar signs in *Weadon* v. *Shahen, supra,* 50 Cal.App.2d 254.

We disagree. The issue is not whether there was notice of the lien, but whether respondent's abstract complied with statutory provisions enacted to insure notice. Moreover, the brief history of case law with regard to the proper contents of an abstract of judgment indicates the substantial compliance standard has been applied to situations where all of the required data was *included*. (*Weadon* v. *Shahen, supra; Robbins Invest. Co.* v. *Robbins, supra,* 49 Cal.App.2d 446.) No court has validated a judgment lien where mandated information was *omitted* from an abstract. (*Ellrott* v. *Bliss, supra,* 147 Cal.App.3d 901; *Huff* v. *Sweetser, supra,* 8 Cal.App. 689.)

Respondent concludes section 674 should be liberally construed. However, the application of a liberal construction to the statute would frustrate legislative intent regarding the specific contents of abstracts. (§ 1858, *supra.*) We find respondent has not substantially complied with statutory formalities. (*Huff* v. *Sweetser, supra,* 8 Cal.App. 689.)

The judgment is reversed.

Gilbert, J., and Abbe, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 3, 1985. Mosk, J., was of the opinion that the petition should be granted.