In re Marco L. **CONCEICAO** and Brenda Conceicao, Debtors.

**Alcove Investment, Inc., Appellant,**

v.

**Marco L. Conceicao; Brenda Conceicao; Richard K. Diamond, Chapter 7 Trustee; United States Trustee, Appellees.**

BAP No. CC–04–1533–MoNP.

Bankruptcy No. LA–04–17761–TD.

Adversary No. LA–04–02238–TD.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 22, 2005.

Filed Aug. 23, 2005.

---

Leon L. Vickman, Encino, CA, for Alcove Investment, Inc.

Andrew Edward Smyth, Smyth Law Office, Los Angeles, CA, for Marco and Brenda Conceicao.

Before: MONTALI, NEWSOME,[1] and PERRIS, Bankruptcy Judges.

1. Hon. Randall J. Newsome, Chief Bankruptcy Judge for the Northern District of California, sitting by designation.

## OPINION

MONTALI, Bankruptcy Judge.

In an era of heightened concern over the identity theft and privacy of social security numbers, we are presented with a situation where a creditor's failure to comply with a state law requiring disclosure of judgment debtors' social security numbers results in the loss of a $50,000 lien. In a second anomaly, we are asked to uphold an injunction against enforcement of an apparently valid judgment lien because the judgment debtors' property is subject to an invalid lien relating to an earlier judgment.

Alcove Investment, Inc. ("Creditor") appeals from the bankruptcy court's order granting a preliminary injunction to stop the judicial sale of the home of Marco and Brenda Conceicao ("Debtors"). The bankruptcy court ruled that Creditor's judgment lien is invalid because Creditor did not comply with California Code of Civil Procedure ("CCP") § 674, which requires judgment creditors to list the judgment debtor's social security number if known or, if unknown, to indicate that fact on the abstract of judgment. Creditor argues that its non-compliance with the statute is immaterial or that enforcement of the statute would violate its Constitutional rights, among other things. We AFFIRM.

## I. FACTS

On November 26, 1997, Creditor recorded a certified copy of a $50,200 judgment (the "First Judgment") against Debtors with the Los Angeles County Recorder. Creditor did not record an abstract of the First Judgment. The First Judgment did not contain Debtors' social security num-

bers or any mention of whether Creditor knew their social security numbers at the time of recording.

On January 15, 1998, Creditor obtained a second judgment (the "Second Judgment") against Debtor Marco Conceicao in an unlawful detainer case in the amount of $1,445.00. In August, 1998, Creditor recorded an abstract of the Second Judgment, thus creating the potential for a valid judgment lien on any property Debtors owned or subsequently acquired. *See* CCP §§ 697.310, 697.340. Unlike the First Judgment, the abstract of the Second Judgment included the social security number of Debtor Marco Conceicao.

On August 16, 2000, Debtors acquired property in Los Angeles, California (the "Property"). The properly recorded abstract of the Second Judgment thus created a valid lien against the Property. Subsequently, Creditor filed with the Los Angeles Superior Court an Application for Order for Sale of Dwelling pursuant to CCP § 704.750, seeking to enforce the Second Judgment lien. The Superior Court heard arguments regarding this matter on March 18, 2004. We have no transcript or written order from this hearing, but the excerpts of record do contain a Notice of Ruling signed by Creditor's attorney in the state court proceeding which states that the Superior Court ordered the sale of the Property (the "March Notice of Ruling") and recites that "[d]efendants appeared on their behalf," which we assume means that Debtors appeared pro se. We do not know if a written order for sale of the Property was entered in March, nor do

we have knowledge of the arguments raised at this hearing and, in particular, whether the validity of the First Judgment lien was questioned.

On September 2, 2004, the Superior Court filed an order authorizing sale of the Property (the "September Sale Order"). This order lists two existing liens on the Property that were superior to the Second Judgment lien—a federal tax lien and the First Judgment lien.

On April 6, 2004, during the time between the issuance of the March Notice of Ruling and the September Sale Order, Debtors filed their voluntary Chapter 7 bankruptcy petition.[2] Debtors received their discharge on July 19, 2004. On August 4, 2004, Debtors filed a complaint with the bankruptcy court seeking a declaratory judgment that the First Judgment did not create a lien on the Property due to the omission of their social security numbers from the text of the First Judgment. Debtors subsequently filed a motion for a preliminary injunction or other relief that would prevent or delay the sale of the Property. At a hearing on October 6, 2004, the bankruptcy court granted Debtors' motion for a preliminary injunction, ruling that Debtors are likely to prevail at trial because the First Judgment did not create a valid judgment lien and Creditor cannot amend the First Judgment because a discharge has been entered in Debtors' bankruptcy case. Debtors did not question, and the bankruptcy court did not address, whether the abstract of the Second Judgment created a valid lien on the Property.[3] We therefore assume, without deciding, that it was valid.

**2.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

**3.** Although Creditor based its Application for Order for Sale of Dwelling on the Second Judgment lien, Creditor did not argue that this lien created sufficient grounds for sale of the Property in its opposition to Debtor's mo-

The bankruptcy court correctly stated that the March Notice of Ruling was not final. The court treated the September Sale Order as the state court's final disposition of the Second Judgment enforcement proceeding, but held that the order was obtained in violation of the discharge injunction of section 524, the automatic stay of section 362, or both.[4] The bankruptcy court issued a preliminary injunction on October 28, 2004, and, with the agreement of counsel for both parties, attempted to certify the matter for immediate appeal under Fed.R.Civ.P. 54(b) (incorporated by Fed. R. Bankr.P. 7054). A BAP motions panel determined that the bankruptcy court's certification was inadequate, but granted leave to appeal the interlocutory preliminary injunction under 28 U.S.C. § 158(a)(3).

## II. ISSUES

1. Did the bankruptcy court have jurisdiction to issue the preliminary injunction?

2. Did the bankruptcy court properly issue the preliminary injunction, based on its ruling that recording the First Judgment did not create a valid judgment lien on the Property because Debtors' social security numbers were not included?

## III. STANDARDS OF REVIEW

■■■ We review the bankruptcy court's decision to grant a preliminary injunction for an abuse of discretion. *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). The court has abused its discretion if it bases its holding on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (citations

omitted). We review the bankruptcy court's conclusions of law and questions of statutory interpretation de novo and we review factual findings for clear error. *Village Nurseries v. Gould (In re Baldwin Builders)*, 232 B.R. 406, 410 (9th Cir. BAP 1999). Jurisdictional issues are matters of law which we review de novo. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir.2005).

## IV. DISCUSSION

The criteria for granting a preliminary injunction are: "(1) a strong likelihood of success on merits, (2) the possibility of irreparable injury to the [moving party] if the preliminary relief is not granted, (3) a balance of hardships favoring the [moving party], and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.1995) (citation omitted). "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates '*either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Id.* (citation omitted). Probability of success and possibility of irreparable harm can be viewed as two factors on a sliding scale so that as the required probability of success increases, the likelihood of irreparable harm that is required decreases. *See United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992).

The bankruptcy court based its preliminary injunction solely on Debtors' argument that the First Judgment did not

tion for injunctive relief, nor did Creditor raise this argument on appeal.

4. The bankruptcy court stated, "If [the September Sale Order] were to have some affect [sic], then I would be concerned with whether that order was obtained in violation of Sec-

tion—either Section 362 of the Bankruptcy Code or Section 524 of the Bankruptcy Code, a violation of the automatic stay where [sic] the discharge injunction." Transcript (10/6/04) p. 6:10–14.

create a valid lien. We hold that the bankruptcy court's reasoning on this issue was correct. Accordingly, we will affirm the bankruptcy court's decision to grant injunctive relief to Debtors.

### 1. *Jurisdiction*

■ We have an independent duty to consider jurisdictional issues sua sponte. *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir.1997).

■ The bankruptcy court has subject matter jurisdiction in this dispute because the Property was never expressly abandoned under section 554(a) or (b) nor was it automatically abandoned under section 554(c) as the case has not been closed. *See* 11 U.S.C. § 554. If the Chapter 7 trustee abandons it, the bankruptcy court would still have jurisdiction because the Property appears to be claimed exempt by Debtors.[5] These issues are sufficiently related to the bankruptcy case to give the bankruptcy court subject matter jurisdiction. 28 U.S.C. § 1334(b).

We agree with the bankruptcy court that there is "no indication ... that [any ruling reflected in the March Notice of Ruling] ... was a final judgment in any way, shape or form." Transcript (10/6/04) pp. 5:24–6:2.

■ While the September Sale Order "appears to be a final disposition" (*id.* p. 6:7), that order is void because it was issued in violation of the automatic stay and the discharge injunction. "[T]he stay of an act against property of the estate ... continues until such property is no longer property of the estate," 11 U.S.C.

§ 362(c)(1), and the Property still belongs to the estate for the reasons stated above. *See* 11 U.S.C. § 554. *See also Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082 (9th Cir.2000) (actions in violation of automatic stay are void). Creditor cannot bring any action against Debtors personally based on the First Judgment because Debtor's discharge "voids any judgment at any time obtained to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged ..." 11 U.S.C. § 524(a)(1).

Prior to Debtors' Chapter 7 filing, Creditor held an unsecured claim for the reasons we discuss below. If the state court had issued a final order or judgment regarding the validity of the First Judgment lien before Debtors' bankruptcy, even if incorrect as a matter of law, the bankruptcy court might well have been precluded from exercising jurisdiction to make a contrary ruling. No such order was issued, and therefore the matter was properly before the bankruptcy court.

### 2. *The recorded First Judgment is inadequate to create a lien because Debtors' social security numbers were omitted.*

■ As noted by the bankruptcy court, judgment liens are created by statute. According to *Miller v. Bank of America*, 166 F.2d 415, 417 (9th Cir.1948), "[a] judgment in and of itself does not necessarily constitute a lien upon any property unless made so by statute." Creditor argues that this case is irrelevant

---

**5.** Based on our review of the online docket, we know that Debtors' Schedule C listed a homestead exemption, presumably on the Property. However, the status of Debtors' possible homestead exemption is unclear from the excerpts of record. In the September Sale Order the Superior Court states,

"[o]n proof made to the satisfaction of the Court that the property was not found to be subject to a homestead exemption, that the fair market value of the dwelling is $250,000.00 ..." But as discussed below, the September Sale Order is void.

because the facts relate to personal property, not real property, but Creditor cites no authority supporting the proposition that a valid judgment lien could be created without relying on, and complying with, applicable statutes. In California, CCP § 697.310 provides the statutory basis for creating a judgment lien based on a state court judgment for money damages, and CCP § 674 describes the elements of a properly recorded abstract of judgment.

California Code of Civil Procedure § 674(a) provides in relevant part:

> [A]n abstract of a judgment or decree requiring the payment of money ... shall contain all of the following:
>
> * * *
>
> (6) The social security number and driver's license number of the judgment debtor if they are known to the judgment creditor. If either or both of those numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment.

Cal.Civ.Proc.Code § 674 (West 2002).

█ In 1978, the legislature amended CCP § 674 by adding the text of paragraph 6 and making no other changes. Stats.1978 c. 203, § 1. When interpreting an unambiguous statute, "there can be no room for construction of the statute." *Harold L. James, Inc. v. Five Points Ranch, Inc.*, 158 Cal.App.3d 1, 4, 204 Cal.Rptr. 494, 496 (1984). Both the language of the statute and the legislature's decision to amend the statute to include this specific provision convey that the judgment creditor must include the debtor's social security number or indicate that it is unknown on the abstract of judgment.

Creditor argues that providing notice to the judgment debtor and the outside world is the primary purpose of CCP § 674.[6] While the process of recording abstracts of judgment serves to provide constructive notice of liens, the social security number requirement serves a more specific purpose. The bankruptcy court described the purpose of this provision as avoiding "unnecessarily clouding innocent people's title" who happen to have names similar to judgment debtors. Transcript (10/6/04) pp. 2:25–3:1. At least one reported California case has reached the same conclusion after examining the legislative history of CCP § 674. *Keele v. Reich*, 169 Cal. App.3d 1129, 1132, 215 Cal.Rptr. 756, 757 (1985). We conclude that the First Judgment did not create a valid lien based on the *Keele* court's interpretation of California law.

In *Keele*, the California Court of Appeals held that an abstract of judgment that lacked the judgment debtor's social security number did not create a valid judgment lien. *Keele*, 169 Cal.App.3d at 1131, 215 Cal.Rptr. at 757. *See also Ellrott v. Bliss*, 147 Cal.App.3d 901, 195 Cal. Rptr. 446 (1983) (holding that an abstract of judgment did not create a valid judgment lien because the total amount of the judgment was omitted). The *Keele* court noted, however, that an abstract of judgment might be valid if the creditor truly lacks knowledge of the debtor's social security number. In such a situation, "compliance with statutory provisions for liens must be addressed on a case-by-case basis." *Keele*, 169 Cal.App.3d at 1132, 215 Cal.Rptr. at 757 (citing *Harold L. James, Inc.*, 158 Cal.App.3d at 8, 204 Cal.Rptr. at 498). Even if we use a case-by-case approach, as Creditor would like us to do, similarities between our case and *Keele*

---

6. Creditor cites to *Huff v. Sweetser*, 97 P. 705, 8 Cal.App. 689 (1908) in which a judgment lien was declared invalid since it was filed in the debtor's maiden name and the current landowner did not have notice of the lien.

require us to adopt much of *Keele*'s reasoning.

■ The case before us resembles *Keele* because the error at issue in both *Keele* and our case is a missing social security number. This particular error invokes policy concerns that differ from the concerns addressed by other statutory requirements. As the bankruptcy court observed, the purpose of requiring the number is to prevent clouding innocent people's title because confusion could occur if one's name is similar to the name of a judgment debtor. The policy concerns at issue here are identical to those considered in *Keele.*

Although the facts here regarding Creditor's knowledge of Debtors' social security number differ from the facts in *Keele,* this distinction is irrelevant. The creditor in *Keele* misrepresented its knowledge of the debtor's social security number by checking "unknown" when the number was actually known. *Keele,* 169 Cal.App.3d at 1130, 215 Cal.Rptr. at 757. Creditor here is not alleged to have misrepresented its knowledge, but it still violated the statute by failing to mention the social security numbers at all. *See* CCP § 674(a)(6) (creditor must either disclose the number or indicate that it is unknown).

After *Keele,* another California appellate decision held that omission of some of the data required by the statutes governing abstracts was not fatal to the validity of the judgment lien because the trial court has "inherent power to correct clerical errors in its records." *Commonwealth Land Title Co. v. Kornbluth,* 175 Cal.App.3d 518, 531, 220 Cal.Rptr. 774, 781 (1985). In *Kornbluth,* the date of entry of judgment was omitted from one of five abstracts that were recorded at the same time. Although Creditor did not cite *Kornbluth,* it appears that *Kornbluth* supports Creditor's argument that it should not be penalized for what might be regarded as a technical oversight when Debtors had knowledge of the lien. However, as stated in *Keele,* "the issue is not whether there was notice of the lien, but whether respondent's abstract complied with statutory provisions enacted to insure notice." *Keele,* 169 Cal.App.3d at 1133, 215 Cal. Rptr. at 758. Even if there was no confusion about the judgment debtor's identity in this specific situation, the statute serves as a blanket rule to prevent such confusion, and we are not free to ignore it.

Even if we concluded, which we do not, that the *Kornbluth* holding applies to our case, *Kornbluth* would not help Creditor. Absent section 362, *Kornbluth* might permit Creditor to amend the First Judgment to include the social security numbers nunc pro tunc, to establish a valid lien that existed prior to the petition date. *Kornbluth,* 175 Cal.App.3d at 531, 220 Cal.Rptr. at 781. *See also* CCP § 674(b). Creditor is prohibited from amending the First Judgment because doing so would violate the automatic stay, the discharge injunction, or both. 11 U.S.C. §§ 362, 524. Therefore, although we believe that *Keele* is controlling, the final outcome in the case before us would not change even if we were to apply *Kornbluth.*

Creditor claims that the court should place substance over form in the creation of a judgment lien so long as due process requirements are met.[7] Creditor cites

---

7. The substance of Creditor's due process argument seems to focus on providing actual notice to the judgment debtors and constructive notice to potential purchasers of the existence of a judgment lien. Creditor points out that Debtors did have notice of the lien and an opportunity to oppose it, and argues in its opening brief on this appeal that "additional surplus notice was not needed in the form of

*Robbins Inv. Co. v. Robbins,* 49 Cal.App.2d 446, 122 P.2d 91 (1942), to support this claim. *Robbins* stands for the proposition that a valid judgment lien may be created by recording a copy of the judgment itself rather than an abstract of judgment as long as the judgment meets the requirements of CCP § 674. *Id.,* 49 Cal.App.2d at 447, 122 P.2d at 92. Creditor is correct that the copy of judgment it filed had the potential to create a valid judgment lien. The judgment lien is invalid not because of the form of the recorded document, but because the content of the First Judgment is inadequate under the requirements of CCP § 674.

Creditor also argues that, since a certified copy of a federal judgment can be recorded under CCP § 697.060(a) to create a valid judgment lien without complying with the mandates of CCP § 674, the same should be true for state court judgments.[8] Creditor relies on *Ford Consumer Finance* which held that the statutory provision for creating judgment liens based on federal judgments is indeed distinct from the provision relating to state court judgments. *Ford Consumer Finance* reasons that CCP § 697.060(a) acts as an exception to CCP § 697.310(a), which requires that an abstract of judgment be recorded to create a valid lien, in the same way that §§ 697.320(a) and 697.330(a)(2) (allowing certified copies of judgments to create liens in family support matters, judgments against health care providers, or workers' compensation judgments) are exceptions to the abstract requirement. *Ford Consumer Finance,* 204 B.R. at 978. However, the *Ford Consumer Finance* court did not

take issue with the fact that separate statutory requirements apply to different types of judgments. It merely reasoned that the legislature must have intended this result since it passed separate statutes. In our case, the First Judgment was a state court judgment and it, or an abstract of judgment, should have been recorded in compliance with the statutory provisions applicable to state court judgments.

■ In its opposition to Debtors' motion for preliminary injunction, Creditor argued that, if the lien were declared invalid, it should be allowed to amend the recorded judgment under CCP § 674(b), which reads in pertinent part: "An abstract of judgment ... that does not list the social security number and driver's license number of the judgment debtor ... may be amended by the recording of a document entitled 'Amendment to Abstract of Judgment.'" Creditor had the opportunity to amend the recorded First Judgment to create a valid lien at any time before Debtors filed for bankruptcy. After the filing, Creditor could no longer amend the First Judgment without obtaining an order granting relief from stay or annulling the stay. It did not obtain such an order.

From the filing of Debtors' Chapter 7 case until the Property ceases being property of the estate, section 362(a)(4) prohibits Creditor from performing "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. §§ 362(a)(4). *See also* § 362(c)(1). As

---

[Debtors'] social security numbers and driver's license numbers."

**8.** Creditor formulates this argument as an equal protection claim. However, Creditor cites no case law that supports his argument, as *Ford Consumer Finance Co. v. McDonell (In re McDonell),* 204 B.R. 976 (9th Cir. BAP

1996), stands for a different premise. Creditor fails to persuade us that all judgment liens must be created in the same manner, or that states cannot hold state court judgment creditors to a higher standard than federal court judgment creditors.

long as the Property remains in the estate, Creditor cannot amend the First Judgment to create a valid lien on the Property. Prior to Debtors' discharge, Creditor also could not act to secure the personal liability of Debtors based on the First Judgment because section 362(a)(5) prohibited Creditor from performing "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before commencement of the case under this title." § 362(a)(5). *See also* § 362(c)(2)(C). In addition, section 362(a)(2) prohibited Creditor from "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." § 362(a)(2). Since the debt was unsecured at the time of Debtors' discharge on July 19, 2004, it was discharged.

▮ At this point, the discharge injunction prohibits Creditor from amending the First Judgment. Amending the First Judgment to create a valid lien would be equivalent to converting an action to collect an unsecured personal liability into a secured judgment lien, which is prohibited by section 524(a)(2). 11 U.S.C. § 524(a)(2). Therefore, based on sections 362 and 524, Creditor cannot amend the First Judgment now, nor can it file a valid abstract of the First Judgment, because its last opportunity to amend has expired. *See generally, Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola),* 328 B.R. 158 (9th Cir. BAP 2005)(no equitable exception to § 524; acts in violation of that section are void).

Since Creditor's recording of its First Judgment did not create a valid judgment lien and sections 362 and 524 bar any amendment to add Debtors' social security numbers, the bankruptcy court did not abuse its discretion in granting Debtors' motion for a preliminary injunction.

## V. CONCLUSION

The bankruptcy court has subject matter jurisdiction over this matter. The state court's March Notice of Ruling was not a final order and its September Sale Order granting Creditor's Application for Sale of Dwelling is void since it violated the automatic stay with respect to the interest it asserted in the Property and it violated the discharge injunction with respect to Debtors' personal liability for the First Judgment.

The plain meaning of CCP § 674 and relevant case law dictate that in order to create a valid lien a creditor must include the debtor's social security number or indicate that it is unknown when recording a judgment or abstract of judgment. Since the First Judgment did not meet this requirement, it failed to create a valid judgment lien. As an unsecured debt, Creditor's claim against Debtors was discharged.

The bankruptcy court did not err by declaring the First Judgment lien void when it chose to enjoin Creditor from enforcing its Second Judgment lien. Accordingly, we AFFIRM.[9]

---

**9.** We do not express an opinion regarding the remaining issues in this dispute, such as whether the injunction should remain in place when the validity of the lien Creditor sought to enforce has not been challenged; whether the Chapter 7 trustee may realize the benefit of any equity in the Property now that the First Judgment lien has been invalidated; whether Debtors can claim that equity as exempt. The bankruptcy court can deal with

those matters as this proceeding continues before it.