Filed 1/7/22  Laue v. Ortiz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
| --- | --- |
| DALE LAUE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LILIANA A. ORTIZ,<br><br>    Defendant and Respondent. | H047475<br>(Santa Clara County<br>Super. Ct. No.  2013-1-CV250570) |

This is the latest in a series of appeals arising out of a dispute between neighbors Dale Laue and Liliana A. Ortiz.  In it, we are asked to determine whether certain attorney's fees and costs awarded to Ortiz are properly characterized as *appellate* fees and costs recoverable under the Rules of Court or as postjudgment *enforcement* fees and costs recoverable under the Enforcement of Judgments Law.  The trial court concluded they are the latter—making Ortiz's request for fees and costs timely—and awarded the requested fees and costs to her.  Laue argues they are the former, such that Ortiz's request was untimely.  We conclude that the fees and costs at issue are best characterized as enforcement fees and costs and shall affirm.

I.    **BACKGROUND**[1]

The underlying facts are not relevant to this appeal.  However, the long and somewhat convoluted procedural history is, so we lay it out in detail.

---

[1] There have been a number of prior appeals arising out the underlying lawsuit (Santa Clara County Superior Court Case No. 2013-1-CV-250570).  We take portions of the factual and procedural background from this court's opinions in those prior appeals,

In 2013, Laue sued Ortiz for libel, slander, intentional interference with economic advantage, negligent interference with economic advantage, and intentional infliction of emotional distress. In November 2013, the trial court granted Ortiz's anti-SLAPP motion, reasoning that the causes of action arose primarily from Ortiz's allegedly false representations to police and a letter she sent to Laue's landlord, activities the court concluded were protected under the anti-SLAPP statute. In a later order, the trial court awarded Ortiz $8,163.36 in attorney's fees and costs to pursuant to Code of Civil Procedure section 425.16, subdivision (c)(1).[2]

This court affirmed the order granting Ortiz's anti-SLAPP motion in case No. H040705. Laue separately appealed from the separate order awarding attorney fees and costs in case No. H041044. This court concluded that appeal was from a nonappealable order and dismissed it on our own motion.

Thereafter, Laue filed a motion in the trial court to set aside both the order granting Ortiz's anti-SLAPP motion and the initial award of attorney fees and costs to her on grounds she had committed perjury. He urged the court to set aside the orders as void under section 473, subdivision (d). Meanwhile, Ortiz sought further attorney fees and costs in the amount of $26,715.46. In an order filed on July 30, 2015, the trial court denied Laue's set-aside motion and awarded Ortiz $26,715.46 in further attorney fees and costs.

---

*Laue v. Ortiz* (March 11, 2015, H040705,) [nonpub. opn.]), *Laue v. Ortiz* (March 11, 2015, H041044,) [nonpub. opn.]), *Laue v. Ortiz* (June 25, 2019, H044063,) [nonpub. opn.]) (case Nos. H040705, H041044, and H044063).
  Laue moved to augment the record with the record from appeal No. H044063. We deemed that motion a request for judicial notice and granted it. Laue also requested that we take judicial notice of a number of documents filed in the trial court in the instant action prior to the filing of the notice of appeal. We deem that request to be a motion to augment the record and grant the motion.
  [2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Laue appealed from the July 30, 2015 order in *Laue v. Ortiz* H042743 (case No. H042743). Ortiz moved to dismiss that appeal. Laue then filed an abandonment of the appeal on October 19, 2015. The filing of an abandonment of the appeal "effects a dismissal of the appeal and restores the superior court's jurisdiction." (Rule 8.244(b)(1) of the California Rules of Court.)[3] Therefore, this court denied Ortiz's motion to dismiss the appeal as moot.

On December 22, 2015, Ortiz filed a motion for attorney fees incurred in connection with appeal No. H042743 pursuant to sections 425.16, subdivision (c)(1) and 685.040. Laue opposed that motion on the ground that it was untimely. He argued that Ortiz was seeking appellate fees and costs (which are recoverable under section 1034, subdivision (b) and rules 3.1702(c)(1) and 8.278(c)(1)), not postjudgment enforcement fees and costs (which are recoverable under section 685.040), as she contended. He further argued that her motion was untimely under the rules governing appellate fees and costs.

By order dated February 10, 2016, the trial court granted Ortiz's motion and awarded her attorney fees and costs in the amount of $5,605. Laue appealed in case No. H044063. In June 2019, a panel of this court dismissed that appeal as an appeal from a nonappealable order, noting that no final judgment had been entered.

On remand, the trial court entered a judgment of dismissal on Laue's request. Laue timely appealed.

## II.     DISCUSSION

The sole issue on appeal is whether Ortiz's December 22, 2015 motion for attorney fees and costs was timely. If—as Laue contends—it was not, then the trial court erred in awarding Ortiz $5,605 in attorney fees and costs on February 10, 2016. The timeliness of Ortiz's motion turns on whether the fees and costs she sought (those

---

[3] All unspecified rule references are to the California Rules of Court.

3

incurred in moving to dismiss appeal No. H042743) are properly characterized as appellate fees and costs or as postjudgment enforcement fees and costs.

### A. Legal Principles

#### 1. Statutory Entitlement to Attorney Fees in anti-SLAPP Litigation

Under "section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) This fee-shifting provision "has been interpreted to include expenses incurred in litigating an award of attorney fees after the trial court has granted the motion to strike [citation] . . . [and] fees incurred in responding to an appeal of an order granting a special motion to strike or an order awarding attorney fees in connection with such motion." (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 21.)

#### 2. Recovery of Costs and Statutorily Authorized Attorney Fees Incurred on Appeal

"Recovery of costs incurred on appeal is statutorily authorized by section 1034, subdivision (b): 'The Judicial Council shall establish by rule allowable costs on appeal and the procedure for claiming those costs.' " (*Conservatorship of McQueen* (2014) 59 Cal.4th 602, 607 (*McQueen*).) Rule 8.278(c)(1) provides that a memorandum of costs on appeal is to be filed in the superior court "[w]ithin 40 days after issuance of the remittitur." With respect to the procedure for recovery of attorney fees on appeal, rule 3.1702(c) provides: "A notice of motion to claim attorney's fees on appeal . . . under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both, must be served and filed within the time for serving and filing the memorandum of costs under rule 8.278(c)(1) in an unlimited civil case . . . ."

#### 3. Recovery of Post-Judgment Enforcement Costs and Fees

"Title 9 of part 2 of the Code of Civil Procedure (§§ 680.010-724.260) is known as the Enforcement of Judgments Law. (§ 680.010.) Section 685.040 provides [in part]:

4

'The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment.' " (*McQueen*, *supra*, 59 Cal.4th at p. 607.) Attorney fees incurred in enforcing a judgment are included as costs collectible under section 685.040 where "otherwise provided by law." (§ 685.040.) "In other words, when a fee-shifting statute provides the substantive authority for an award of attorney fees, any such fees incurred in enforcement of the judgment are within the scope of section 685.040." (*McQueen*, *supra*, at p. 614.) Therefore, "attorney fees incurred in an effort to enforce a fee judgment obtained under the anti-SLAPP law . . . qualify as recoverable costs under section 685.040." (*York v. Strong* (2015) 234 Cal.App.4th 1471, 1477; *Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 140 ["Attorney fees incurred to enforce payment of fees and costs awarded under section 425.16, subdivision (c), are recoverable under section 685.040"].)

The Enforcement of Judgments Law defines "judgment" broadly to mean "a judgment, order, or decree entered in a court of this state." (§ 680.230.) It defines "money judgment" as "that part of a judgment that requires the payment of money." (§ 680.270.) A money judgment "generally must be stated with certainty and specify the amount." (*Guess v. Bernhardson* (2015) 242 Cal.App.4th 820, 831 (*Guess*).) An order awarding attorney fees can constitute a money judgment for purposes of the Enforcement of Judgments Law. (*Felczer v. Apple Inc.* (2021) 63 Cal.App.5th 406, 416.)

"Section 685.080, subdivision (a) provides in part: 'The judgment creditor may claim costs authorized by [s]ection 685.040 by noticed motion. The motion shall be made before the judgment is satisfied in full, but not later than two years after the costs have been incurred.' " (*McQueen*, *supra*, 59 Cal.4th at p. 607, fn. omitted.)

### B. Analysis

Again, we are asked to decide whether the trial court was correct in determining that the attorney fees and costs Ortiz incurred in moving to dismiss appeal No. H042743

constituted postjudgment enforcement fees and costs recoverable under the Enforcement of Judgments Law.

We begin our analysis by considering whether appeal No. H042743 involved a judgment for purposes of the Enforcement of Judgments Law. At issue in appeal No. H042743 was the denial of Laue's motion to vacate the order granting the anti-SLAPP motion and the subsequent order awarding Ortiz $8,163.36 in attorney fees and costs (the initial fees and costs order). In the motion to dismiss, Ortiz argued that Laue was improperly attempting to relitigate the anti-SLAPP motion, despite that fact that its denial had been affirmed on appeal, and that both the trial court and this court lacked jurisdiction to reopen the matter.

Thus, the fees and costs at issue were incurred defending the order granting the anti-SLAPP motion against attack by a section 473, subdivision (d) motion. Of course, due to the mandatory nature of the anti-SLAPP statute's fee-shifting provision, the fate of the initial award of fees and costs was tied to that of the anti-SLAPP motion. Therefore, fees and costs at issue also were incurred defending the initial fees and costs order against attack by a section 473, subdivision (d) motion.

Ortiz argues that the initial fees and costs order constitutes a judgment for purposes of the Enforcement of Judgments Law. We agree. The Enforcement of Judgments Law includes orders in its definition of judgments. (§ 680.230.) The initial fees and costs order was for a specific amount, such that it qualifies as a money judgment. (§ 680.270; *Guess*, *supra*, 242 Cal.App.4th at p. 831.) Because there had been no final judgment of dismissal at the time Ortiz filed her motion to dismiss, the initial fees and costs order technically remained subject to direct attack on appeal. But that does not preclude the initial fees and costs order from constituting an enforceable judgment for purposes of the Enforcement of Judgments Law; a judgment is generally enforceable upon entry. (§ 683.010.) For the foregoing reasons, we conclude that appeal

6

No. H042743 did involve a judgment for purposes of the Enforcement of Judgments Law—the initial fees and costs order.

Next, we consider whether the fees and costs at issue were incurred "enforcing" the initial fees and costs order for purposes of section 685.040. In other words, in moving to dismiss appeal No. H042743, was Ortiz enforcing the initial fees and costs order?

"Neither section 685.040, nor the Enforcement of Judgments Law of which it is a part, ascribe any special meaning to the word 'enforcing.' (See § 680.010 et seq.)" (*Globalist Internet Technologies, Inc. v. Reda* (2008) 167 Cal.App.4th 1267, 1274.) Courts have held that fees incurred "defending the validity of [a] judgment against challenge in a separately filed attack" are incurred "enforcing" the judgment. (*Ibid.* [judgment creditor "incurred attorney fees in enforcing the judgment by defending the judgment from attack against its enforcement" in a separate case, in which judgment debtors were trying to enforce a purported settlement agreement that would have required the creditor to accept a greatly reduced amount in satisfaction of the judgment].) Attorney fees incurred, even in a separate action, "in an effort to maintain assets in [the judgment debtor's] hands for potential satisfaction of the judgment" likewise are incurred "enforcing" the judgment for purposes of section 685.040. (*McQueen*, *supra*, 59 Cal.4th at pp. 612-613.) For example, in *Jaffe v. Pacelli* (2008) 165 Cal.App.4th 927, 938 (*Jaffe*), the court of appeal concluded that the judgment creditor's opposition of the judgment debtor's federal bankruptcy petition was "necessary in order to maintain, preserve, and protect the enforceability of the judgment" and thus qualified as "enforcement proceedings pursuant to Section 685.040."

Here, the fees and costs at issue were incurred defending the validity of a judgment—the initial fees and costs award—against challenge by way of a section 473, subdivision (d) motion. Like the fees and costs at issue in *Jaffe*, *supra*, 165 Cal.App.4th at p. 938, they were "necessary in order to maintain, preserve, and protect the

7

enforceability of the judgment" and thus qualified as "enforcement proceedings pursuant to Section 685.040."

In Laue's view, the fees and costs at issue must constitute appellate fees and costs, not enforcement fees and costs, because they were incurred in moving to dismiss *an appeal*. While that argument has superficial appeal, it ultimately fails. In *McQueen*, our Supreme Court explained the distinction between enforcement fees and appellate fees. The court described appellate fees as those "incurred on *appeal* **from the judgment**." (*McQueen*, *supra*, 59 Cal.4th at p. 610, bold added.) That is, under *McQueen*, appellate fees are those incurred on direct appeal from the judgment at issue. Here, the fees and costs at issue were incurred moving to dismiss an appeal, but not a direct appeal *from the judgment*. They were incurred moving to dismiss an appeal from the denial of a section 473, subdivision (d) motion attacking the judgment. For all the foregoing reasons, we agree with the trial court that the fees and costs at issue are better characterized as enforcement fees and costs recoverable under section 685.040 than as appellate fees and costs. There is no dispute that, under those circumstances, Ortiz's motion was timely.

Laue contends that, by misapplying the law governing the recoverability of fees and costs, the trial court violated his constitutional rights to due process and equal protection. Because we have concluded that the trial court did not err, Laue's constitutional claims necessarily fail.

## III. DISPOSITION

The order is affirmed. Ortiz shall recover her costs on appeal.

8

 

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

DANNER, J.

*Laue v. Ortiz*
H047475